ROBINS DRY DOCK & REPAIR COMPANY *v.*
DAHL.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 316.  Argued December 4, 1924.—Decided January 5, 1925.

1. An injury suffered by a workman while repairing a completed vessel afloat in navigable waters, and due to the negligence of his employer, is a maritime tort. P. 457.
2. In such cases the rights and liabilities of the parties arise out of and depend upon the maritime law and cannot be enlarged or impaired by state statute. *Id.*
3. In an action based upon such an alleged maritime tort in a state court, an instruction that the jury in deciding whether the employer was negligent might consider the provisions of a local law regulating the duty of employers to furnish safe scaffolds, etc., for their employees, was manifestly erroneous and material. *Id.*
197 N. Y. S. 463; 202 N. Y. 922, reversed.

ERROR to a judgment of the Supreme Court of New York entered on mandate of affirmance from the Appellate Division, in favor of Dahl in his action for damages resulting from personal injuries received by him in the course of his employment by the Dry Dock Company

and due, as he alleged, to the Company's negligent failure to furnish him with a safe place in which to work. Review by the New York Court of Appeals was refused. For the decision of the Appellate Division on an earlier trial, see *Dahl* v. *Robins Dry Dock Co.*, 203 App. Div. 795.

*Mr. A. George Maul* for plaintiff in error.

The jurisdiction of the Supreme Court of New York in actions of this character is confirmed by cl. 3 of §§ 24 and 256, Jud. Code, and is limited to the enforcement by a common law remedy of a right given under the admiralty law.

From the time of the earliest decisions of this Court under these sections, attempts have been made to distinguish individual cases so as to apply state laws which were repugnant to the admiralty law as it was generally enforced throughout the United States. But in every instance where the state statute affected or modified a right given under the maritime law, the statute has been held unconstitutional. *Southern Pac. Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Industrial Comm.* v. *Nordenholt Co.*, 259 U. S. 263; *Washington* v. *Dawson & Co.*, 264 U. S. 219; *Schwede* v. *Zenith S. S. Co.*, 244 U. S. 646; s. c. 216 Fed. 566; *Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372; *Knapp, Stout & Co.* v. *McCaffrey*, 177 U. S. 638; *Workman* v. *New York City*, 179 U. S. 552; *Steamboat Co.* v. *Chase*, 16 Wall. 522.

The only apparent exceptions are those cases where the admiralty law did not afford either a right or a remedy as, for example, a right of action to recover damages for death on the high seas; or the right of a lien where the admiralty law gave none. *Western Fuel Co.* v. *Garcia*, 257 U. S. 233; *The Lottawanna*, 21 Wall. 558; *The J. E. Rumbell*, 148 U. S. 1.

It has frequently been suggested that particular classes of persons ought not to be included within the rule or ought to receive different treatment.   An instance of this is the recent amendment to cl. 3 of §§ 24 and 256 by Act of June 10, 1922, declared by this Court to be unconstitutional.   At the time of the passage of that amendment it was stated to Congress by its proponents that the objectionable feature had been removed by confining its application to local workers; but the fallacy of such contention was clearly pointed out in *Washington* v. *Dawson & Co., supra,* when this Court stated that any inequities which may arise from the situation are within the power of Congress to alter by enacting " statutes of general application embodying its will and judgment," as was done in the matter of prescribing the liability of interstate carriers, thereby abrogating local rules.   *New York Cent. R. R. Co.* v. *Winfield,* 244 U. S. 147.

The " saving clause " requires rights to be measured by admiralty law.   *Martin* v. *Hunter's Lessee,* 1 Wheat. 304, 337; 1 Corp. Jur. 1252; *The Moses Taylor,* 4 Wall. 411; *Chelentis* v. *Luckenbach S. S. Co., supra; Southern Pac. Co.* v. *Jansen, supra; Knickerbocker Ice Co.* v. *Stewart, supra.*

This limitation on the power of the States to interfere with the uniform federal maritime law applies equally to judicial decisions.   *Knickerbocker Ice Co.* v. *Stewart, supra; The Hine* v. *Trevor,* 4 Wall. 555.

Section 18 of the Labor Law of New York, when applied to an admiralty action, materially alters the characteristic features of the federal maritime law, and is, when so applied, repugnant to the Federal Constitution. *Dahl* v. *Robins Dry Dock Co.,* 203 App. Div. 792, 796; *Wilkes* v. *United Marine Co.,* 199 App. Div. 788.

The trial court would have been compelled to dismiss the complaint at the end of the plaintiff's case, and again at the end of the whole case, but for the application of § 18 of the Labor Law.

*Mr. Ralph G. Barclay* for defendant in error.

The charge of the trial court was in substance and effect a submission of the case under principles of the maritime law governing the situation, and the consideration given to the Labor Law of New York did not have the effect of enlarging the duties of plaintiff in error or curtailing its defenses.

There are in New York State conflicting decisions as to the effect of a violation of a statute, or local ordinance, in an action of tort (see *Martin* v. *Herzog*, 228 N. Y. 164). But the decision in the case at bar is expressly confined to the proof of the statute as some evidence that the acts complained of constituted negligence.

Indeed, upon the first appeal of this case, the plaintiff's judgment was reversed and a new trial ordered upon the ground that the trial court had submitted the case to the jury upon the theory that the violation of the statute was itself the tort and of itself was sufficient to support a verdict, rather than that it was only evidence to be considered in determining the question of defendant's conduct measured by the rule of negligence. *Dahl* v. *Robins Dry Dock Co.*, 203 App. Div. 792, 796. See also *Wilkes* v. *United Marine Co.*, 199 App. Div. 788; *Maleeny* v. *Standard Shipbuilding Co.*, 237 N. Y. 250.

The statute prohibits the master from furnishing, in this case, a plank (called a scaffold) which was " unsafe, unsuitable or improper." If that is translated to positive form it is that he is required to furnish a plank which is " safe, suitable and proper."

Is the duty of the master something less under the maritime law? It may be said that he is only required to use reasonable care to that end. But under the charge in the case at bar the master has not been required to perform, at all events, his statutory duty, but only to exercise due care in that respect,—that is, not to fail through his negligence and carelessness.

Moreover, the charge required the jury to determine the negligence of the defendant in the matter of furnishing a proper plank, by the usual common law tests. *Maleeny* v. *Standard Shipbuilding Co., supra; Butler* v. *Townsend,* 126 N. Y. 105.

The statute in question was provable in this action. *The City of Norwalk,* 55 Fed. 98; *Southern Pac. Co.* v. *Jensen,* 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Washington* v. *Dawson & Co.,* 264 U. S. 219; *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469; *Western Fuel Co.* v. *Garcia,* 257 U. S. 233.

The statute does nothing more than to classify a completed scaffold as a place of work for the safety of which the master would be responsible at common law, whereas certain common law decisions in the State assumed to regard the scaffold as divided into component parts of materials and appliances, and to hold that the master could perform his entire duty in the furnishing of such materials and appliances. *Butler* v. *Townsend, supra.*

This view permitted the master to interpose the defense that a completed scaffold was unsafe, not because he had failed to furnish proper materials, but because of negligence in construction for which he was not responsible.

This principle then is not the fundamental principle of a master's liability for his own negligence, or his nonliability for the negligence of fellow servants. It is a rule for the application of these principles to particular situations. *Imbrovek* v. *Atlantic Transport Co.,* 190 Fed. 229; s. c. 234 U. S. 52.

It would seem that a law of this character, working a gradual modification of the common law, and alleviating what was considered a harsh rule of judicial decision, would, almost automatically, modify the maritime law to be applied by the state court. If by gradual change in judicial decisions this same change had been

worked in the common law, its adoption by the maritime law would follow without comment. We cannot see that this change interferes with the proper harmony and uniformity of the maritime law in its international and interstate relations. The relations in this action are simply those of a purely domestic employment, and not affecting shipping in any direct way. There is nothing in the record to show that the ship being repaired even was not in her home port.

This action was for tort, for a wrong; but whether a given act is wrong usually depends upon the local viewpoint. It depends upon local custom and conditions and local law to a large extent. It may be assumed that there are good reasons for such local laws. This is especially true in determining whether an act is a tort measured by the rule of negligence. *Frese* v. *Chicago, B. & Q. R. R. Co.*, 263 U. S. 1. *Schwede* v. *Zenith S. S. Co.*, 244 U. S. 646, distinguished. See *Maleeny* v. *Standard Shipbuilding Co.*, 237 N. Y. 250.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Defendant in error Dahl brought an action against the Robins Company—plaintiff in error—a New York corporation, in the Supreme Court, Kings County, New York, to recover damages for personal injuries. He alleged: That on February 2, 1920, while employed by the Robins Company and doing repair work on the steamer " El Occident," then lying in navigable waters at Brooklyn, a plank scaffold on which he was walking or standing broke and caused him to fall into the hold. That he sustained serious injuries caused solely by and through negligence in that the company did not furnish a safe place to work and failed to provide a safe scaffold as required by the Labor Laws of the State of New York, but negligently and carelessly furnished an unsafe, inadequate and unsuitable scaffold and plank.

The trial court instructed the jury—

" This is what we call a maritime tort, an action in negligence that is governed by the maritime laws, the admiralty laws, the laws that pertain to navigable waters in this country. . . . The law permits even a maritime case, such as should ordinarily be brought in the United States court, to be tried in a State court. But the maritime law is applied, and those maritime laws are known by lawyers as the common law. . . .

" Under the common law the same rule applies in this case as the rules that I have laid down to you, that the burden is upon the plaintiff to prove that the defendant was negligent, and that he himself was free from any contributory negligence. In this case, however, comes a provision known as Section 18 of the Labor Law, and Section 18 of the Labor Law reads as follows: 'A person employing or directing another to perform labor of any kind, in the erection, repairing, altering or painting of a house, building or structure, shall not furnish, or erect, or cause to be furnished or erected, for the performance of such labor, scaffolding, hoists, stays, ladders, or other mechanical contrivances, which are unsafe, unsuitable, or improper, and which are not so constructed, placed and operated as to give proper protection to the life and limb of a person so employed or engaged.'

" The decisions hold that Section 18 of the Labor Law does not make an employer, as we term him, the ' master,' in this case the defendant, an insurer of the scaffold— and this plank within the meaning of the law is a scaffold—it does not make the master an insurer of the safety of the scaffold under all conditions; it requires the scaffold to be so safe as to give proper protection to the workmen engaged in their duty. However careful the master, he is responsible unless the scaffold is in fact a proper one, proper to protect the workman in the performance of his work. No law of the State can modify or affect the rights

of workmen who are operating under the maritime law. And it has been held that this Section 18 of the Labor Law does not modify or affect the law, but may be read in conjunction with the law.

"And as I understand the law to be, in determining in this case whether the defendant was negligent—for the plaintiff must still prove that the defendant was negligent—you must have in mind that there was in existence in the State a law which imposed upon the defendant the burden and the necessity of providing a scaffold that was proper for the workman to work upon. And in this case, in the light of that law, you must determine whether the defendant knowing the law, as it was called upon to know it, acted negligently, and whether or not the plaintiff has proved, by a fair preponderance of evidence, that it acted negligently.

" If you find that in view of Section 18 of the Labor Law the defendant did act negligently, then you go to the next proposition. If you find that it did not act negligently, that ends this case, and you must render a verdict in favor of the defendant. Assuming, for the purpose of bringing to your attention all of the law in the case, that you find under these circumstances the defendant was negligent, then you come to the next proposition, was the plaintiff free from negligence that contributed to the injury. If he was free, then he is entitled to a verdict. If he did something that contributed to the injury, then he is not entitled to a verdict."

Proper exceptions were noted. Judgment went for plaintiff Dahl and this was approved upon appeal. The plaintiff in error maintains that the trial court committed material error by instructing the jury as above stated. On the other side the claim is that the challenged instruction only permitted the jury to consider violation of the state law as evidence of negligence and did not therefore materially affect the question of responsibility.

The alleged tort was maritime, suffered by one doing repair work on board a completed vessel. The matter was not of mere local concern, as in *Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U. S. 469, 476, but had direct relation to navigation and commerce, as in *Great Lakes Dredge & Dock Co.* v. *Kierejewski,* 261 U. S. 479. The rights and liabilities of the parties arose out of and depended upon the general maritime law and could not be enlarged or impaired by the state statute. *Chelentis* v. *Luchenbach S. S. Co.,* 247 U. S. 372, 382; *Union Fish Co.* v. *Erickson,* 248 U. S. 308; *Knickerbocker Ice Co.* v. *Stewart,* 253 U. S. 149; *Carlisle Packing Co.* v. *Sandanger,* 259 U. S. 255, 259. They would not have been different if the accident had occurred at San Francisco.

The jury were distinctly told that they might consider the privisions of the local law in deciding whether or not the employer was negligent. No such instruction would have been permissible in an admiralty court, and it was no less objectionable when given by the state court. The error is manifest and material. See *Central Vermont Ry. Co.* v. *White,* 238 U. S. 507, 511; *New Orleans & N. E. R. R. Co.* v. *Harris,* 247 U. S. 367, 371; *American Railway Express Co.* v. *Levee,* 263 U. S. 19, 21.

The judgment must be

*Reversed.*