NORTHERN COAL & DOCK COMPANY and others, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*February 12—October 11, 1927.*

*Workmen's compensation: Stevedore receiving injury on vessel in navigable waters: Jurisdiction: Of admiralty: Of state court: Of industrial commission.*

1. Where a state statute gives a remedy for death by wrongful act and the act is done on navigable waters, courts of admiralty will enforce the liability thus created; but their jurisdiction is not exclusive, and the proper party may assert the right in a state court which also has jurisdiction. p. 518.
2. Under sec. 102.03, Stats., making the liability prescribed by the workmen's compensation act exclusive where employer and employee were both under the act, the industrial commission had jurisdiction, under sec. 331.03, to entertain an application for compensation for death resulting from injuries received on a vessel lying in navigable waters. p. 518.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

Workmen's compensation liability and maritime law. The *Northern Coal & Dock Company,* having its principal office at Cleveland, Ohio, is engaged in mining, distributing, and selling coal at wholesale. It does not own or operate any vessels or railroad lines. It has a dock situated on Superior bay, a navigable portion of the Duluth-Superior harbor. Boats from Lake Erie ports discharge their cargoes at this dock. In October, 1924, the deceased, Charles Strand, was in the employ of the company as a car loader, but at times

in the discharge of his duties he was required to assist in the unloading of boats. He was regularly employed by the dock company. They, however, had no employees who worked exclusively at unloading boats. The regular employees on the dock were called upon at such times as boats were being unloaded to go into the boats and help to unload the coal. The company had an average of about five boats per month during the season of navigation and it took about fifteen and one-half hours to unload a boat of average size. The employees were engaged approximately seventy-five hours in each month in unloading boats at the dock and during the remainder of the time were given other work. During the year 1924 the deceased had worked 117½ hours on the thirty-one boats. On October 20, 1924, the deceased, Strand, was working in the hold of the steamer Matthew Andrews, which was then lying at the dock, cleaning up coal in the hatches and shoveling it out so that the clam-shell could pick it up. While so engaged he was caught between the clam-shell and the side of the boat and died almost instantly as a result of his injuries. The steamer had brought a cargo of coal from Toledo, Ohio, to Superior by way of the Great Lakes. It was lying in navigable waters and was made fast to the dock by lines in the customary way of securing boats while they are being unloaded. The clam-shell was a part of the dock equipment and was operated by the dock company.

Strand's earnings were in excess of $1,400 per annum, and the funeral expenses amounted to more than $200. Upon proceedings had before the *Industrial Commission,* the widow, *Emma Strand,* was awarded compensation, and an action was begun in circuit court for Dane county to review the action of the *Industrial Commission.* Upon the trial the award of the *Industrial Commission* was affirmed by the judgment of the circuit court, and from that judgment the plaintiffs appeal.

For the appellants there were briefs by *Powell & Sprowls* of Superior and *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

For the respondent *Industrial Commission* there were briefs by the *Attorney General* and *Mortimer Levitan* and *Fred C. Seibold,* assistant attorneys general, and oral argument by *Mr. Levitan.*

For the respondent *Strand* there were briefs by *John A. Cadigan* of Superior, attorney, and *Cadigan & Cadigan* of Superior and *Andrew Nelson* of Duluth, of counsel, and oral argument by *Charles P. Cadigan.*

The following opinion was filed May 3, 1927:

ROSENBERRY, J.    The *Northern Coal & Dock Company,* employer, and the deceased employee, Strand, were both under the workmen's compensation act (ch. 102, Stats.).    Were it not for the fact that the deceased sustained the injuries on board a vessel lying in navigable waters, from which he died, it is conceded that the dock company would be liable under the workmen's compensation act.    It is the contention of the dock company that the *Commission* had no jurisdiction to make an award in this matter for the reason that the death of Charles Strand was the result of a maritime tort; that the admiralty and maritime jurisdiction conferred by the constitution and laws of the United States is exclusive; that making an award in this matter on the ground that the accident and death are within the workmen's compensation act is in violation of art. III, sec. 2, of the constitution of the United States, citing *Great Lakes D. & D. Co. v. Kierejewski,* 261 U. S. 479, 43 Sup. Ct. 418; *Knickerbocker Ice Co. v. Stewart,* 253 U. S. 149, 40 Sup. Ct. 438; *State of Washington v. W. C. Dawson & Co.* 264 U. S. 219, 44 Sup. Ct. 302; *Gonsalves v. Morse D. D. & R. Co.* 266 U. S. 171, 45 Sup. Ct. 39; *Robbins D. D. & R. Co. v. Dahl,* 266 U. S. 449, 45 Sup. Ct. 157.

It appears without dispute that the employee, Strand, was instantly killed. There was therefore no liability at the common law. The liability arises only by reason of the enactment of statutes giving a right of recovery in such cases. No question of maritime tort is therefore involved as that matter was understood at the common law. *The Harrisburg,* 119 U. S. 199, 7 Sup. Ct. 140. However, where state statutes give a remedy for death by wrongful act and the act is done on navigable waters, courts of admiralty will enforce the liability thus created. While such a right will be enforced in courts of admiralty, their jurisdiction is not exclusive and the proper party may assert the right in a state court which also has jurisdiction. *American Steamboat Co. v. Chase,* 16 Wall. 522, 21 Lawy. Ed. 369.

Congress legislated with reference to the general subject matter of death by wrongful act in 1920. The statute contained the following provision:

"The provisions of any state statute giving or regulating rights of action or remedies for death shall not be affected by this act. Nor shall this act apply to the Great Lakes or to any waters within the territorial limits of any state, or to any navigable waters in the Panama Canal Zone." 41 U. S. Stats. at Large, 537, ch. 111.

Therefore if any liability exists on account of the death by wrongful act of the employee, Strand, it arises under the Wisconsin statutes which give such a right (sec. 331.03). Both the employer and the employee being under the workmen's compensation act, the liability prescribed by that act is exclusive of all others by the terms of the statute (sec. 102.03). The *Industrial Commission* being by the terms of the statute the sole tribunal in which proceedings to enforce liability under the statute may be brought, the *Commission* did not act beyond or in excess of its power in entertaining the application for compensation in this case. *Bloom v. Furness-Withy & Co.* 293 Fed. 98; *Dobrin v. Mallory Steamship Co.* 298 Fed. 349.

The judgment of the circuit court confirming the award of the *Industrial Commission* was right and must be affirmed.

*By the Court.*—It is so ordered.

The following opinion was filed October 11, 1927:

STEVENS, J. (*concurring*).    The widow of the deceased employee makes no claim against the ship on which decedent was injured nor against the owner of the ship.    She is not seeking any recovery in tort.    She asks only that the employer of ·her deceased husband pay her the death benefit which he contracted to pay when he employed the decedent.

The deceased was not employed by the owner of the ship either as a seaman or as a stevedore.    Had he been injured upon the dock or upon any part of the premises belonging to his employer, the *Coal & Dock Company,* no question could be raised as to the right of his widow to recover the compensation which she asks.

The case presents the single question whether the fact that the deceased was temporarily at work on board a ship at the time he received the injury vests exclusive jurisdiction in admiralty, thereby nullifying his contract of employment and giving his employer the right to violate the obligation of its contract which gave the widow the right to a death benefit.

The controlling fact in this case is that this is not an action sounding in tort.    It is a proceeding to recover a death benefit fixed by contract "within a state whose positive enactment prescribed an exclusive remedy therefor.    And as both parties had accepted and proceeded under the statute, . . . it cannot properly be said that they consciously contracted with each other in contemplation of the general system of maritime law." *Grant Smith-Porter Ship Co. v. Rohde,* 257 U. S. 469, 476, 477, 42 Sup. Ct. 157, 66 Lawy. Ed. 321, 324.

"An award under the workmen's compensation law is not

made on the theory that a tort has been committed; on the contrary, it is upon the theory that the statute giving the commission power to make an award is read into and becomes a part of the contract. . . . The contract of employment, by virtue of the statute, contains an implied provision that the employer, if the employee be injured, will pay to him a certain sum to compensate for the injuries sustained, or, if death results, a certain sum to dependents. These payments are made irrespective of whether or not the employer was guilty of wrongdoing.   It is a' part of the compensation agreed to be paid for services rendered in the course of the employment." *State Industrial Comm. v. Nordenholt Corp.* 259 U. S. 263, 271, 42 Sup. Ct. 473, 66 Lawy. Ed. 933, 936.

An examination of the decisions of the federal supreme court discloses a consistent extension of the field within which that court recognizes the power of state courts to enforce rights under workmen's compensation acts in all cases where the injured employee was neither a seaman nor a stevedore, even if the injuries were sustained upon navigable waters.   Two recent decisions of the federal supreme court illustrate this tendency: *Grant Smith-Porter Ship Co. v. Rohde,* 257 U. S. 469, 478, 42 Sup. Ct. 157, 66 Lawy. Ed. 321, 325; *Millers' Indemnity Underwriters v. Braud,* 270 U. S. 59, 64, 65, 46 Sup. Ct. 194, 70 Lawy. Ed. 470, 472. In the case last cited it is said:

"In the cause now under consideration the record discloses facts sufficient to show a maritime tort to which the general admiralty jurisdiction would extend save for the provisions of the state compensation act; but the matter is of mere local concern and its regulation by the state will work no material prejudice to any characteristic feature of the general maritime law.   The act prescribes the only remedy; its exclusive features abrogate the right to resort to the admiralty court which otherwise would exist."

The fact that deceased sustained an injury on board ship does not give admiralty exclusive jurisdiction.   A consider-

ation of the two cases last cited demonstrates very clearly that the federal supreme court does not consider the location of the maritime tort causing the injury as the controlling factor in cases which involve the rights of parties under a contract of employment made with reference to a state workmen's compensation act. Deceased spent only about two per cent. of his entire working time in performing service for his employer on board ship. If the fact that an employee is injured on shipboard gives admiralty exclusive jurisdiction, then the rule must be applied without regard to the nature of the contract of employment or the percentage of time devoted to the performance of service on board ship. If admiralty has exclusive jurisdiction of the remedy for the death of one injured on board ship who is employed on the ship but two per cent. of his time, it must also have exclusive jurisdiction where an employee is injured on shipboard who spends but one per cent. of his time on the ship or where he spends practically none of his time on shipboard, as, for example, a delivery boy who is injured on board ship during the short space of time essential to secure on the ship a single package of freight consigned to his employer. The cases holding that admiralty jurisdiction in tort matters depends upon the locality of the tort are all cases where the injured man was employed to devote his time to the work of either a seaman or a stevedore. This rule does not extend to cases in which one employed on land is injured on shipboard while performing some service incidental to his employment upon land.

It is the necessity for preserving uniformity and harmony in the administration of the maritime law that is the basis for holding that the federal courts have exclusive jurisdiction of all proceedings in admiralty. The leading case supporting the rule for which appellant contends is *Southern Pacific Co. v. Jensen*, 244 U. S. 205, 217, 37 Sup. Ct. 524, 61 Lawy. Ed. 1086, 1099. What is there said must be read in the light of the fact that the law there under consideration

subjected the owners of ocean-going vessels of other states who employed seamen and stevedores to move the ship's cargo to the obligations imposed by the New York workmen's compensation act. Very clearly any act which attempts to subject either ships or ship owners to the provisions of state compensation acts would interfere with uniformity and harmony in the administration of admiralty and maritime laws, because the ship might be subject to a different law in every port at which it landed.

But here the contract of employment and the rights and liabilities of the parties under that contract are clearly matters of purely local concern, whose regulation by the state will in no way interfere with ships or ship owners nor prejudice any of the material characteristics of the general maritime law.

A motion for a rehearing was denied, with $25 costs, on October 11, 1927.