(117 So. 914)

### BAKER TOW BOAT CO. v. LANGNER.
### (1 Div. 752.)

Court of Appeals of Alabama. Feb. 7, 1928.

Rehearing Denied April 17, 1928. Reversed on Mandate Aug. 7, 1928.

576

Pillans, Cowley & Gresham, of Mobile, for appellant.

R. P. Roach, of Mobile, for appellee.

SAMFORD, J. According to appellant's brief, from which we quote:

"The assignments of error may be divided as raising, generally speaking, two questions: (1) That the rights and liabilities of the parties to this cause are wholly controlled by the general rules of the maritime law, the Alabama Workmen's Compensation Act having, therefore, no application. (2) That plaintiff W. R. Langner, employee, was not in, on, or about the premises, where his services were being performed, or where his service required his presence as a part of such service at the time of his injury, in such a sense as that under the provisions of the Alabama Workmen's Compensation Act, he was covered by the enactment thereof and entitled to claim compensation as provided thereunder. The question of the exclusiveness of the admiralty jurisdiction is raised by assignments of error numbered 1, 9, 10, 11, 12, and 13. The second question is raised by assignments of error numbered 2, 3, 4, 5, 6, 7, 8, 9. The first question stated is covered by the reason set forth on pages 14–16 of the petition for certiorari numbered 10 to 16, inclusive; and the second question stated is covered by reasons on said pages of said petition numbered from 1 to 9, inclusive, and 15 and 16."

Fully recognizing the clause in the Federal Constitution and the acts of Congress thereunder and the construction placed upon such acts and approved rules of maritime law as construed by the United States Supreme Court in Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145, and So. P. Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900, we are of the opinion, and so hold, that the case at bar does not fall within admiralty jurisdiction. An award under the Workmen's Compensation Act (Laws 1919, p. 206) is not made upon the theory that a tort has been committed, but is upon the theory that a contract has been entered into between the employer and employee for compensation in case of injury. Post v. Burger & Gohlke, 216 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B, 158. The general and accepted doctrine, as declared by the courts, is that in matters of contract admiralty jurisdiction depends on the nature of the contract or transaction, and in tort matters upon the locality. Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008. So without entering into a discussion of the many and various and numerous decisions on the subject, which would lead us to great lengths in this opinion and into a maze of uncertain-

ty and doubt, we are constrained to hold that the action here grew out of a contract for the performance of service which is not maritime and does not contravene the essential purposes of, or work material injury to the characteristic features of, the admiralty law, or interfere with its proper harmony and uniformity in its international and interstate relations. The foregoing finds support in the following cases: Grant Smith-Porter Ship Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; Berton v. Tietjen & Lang D. Co. (D. C.) 219 F. 763; Ex parte Havard, 211 Ala. 605, 100 So. 897. In Great Lakes D. & D. Co. v. Kierejewski, etc., 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756, the suit was based upon injury received while performing maritime service upon navigable waters, and Robins Dry Dock & Repair Co. v. Dahl, 266 U. S. 449, 45 S. Ct. 157, 69 L. Ed. 372, and Gonsalves v. Morse, etc., 266 U. S. 171, 45 S. Ct. 39, 69 L. Ed. 228, were for torts while plaintiffs were engaged at work on vessels upon a navigable stream. In the instant case the injured man was employed to work as a carpenter on a vessel out of commission and on dry dock and not upon any navigable water. True, petitioner was injured while being transported to his work on a launch which was at the time on the Mobile river, which is a navigable stream, but the action is not in tort, but upon contract which embraces the Workmen's Compensation Act, and therefore is controlled by the contract of employment rather than the place of injury. Berry v. Donovan & Sons, 120 Me. 457, 115 A. 250, 25 A. L. R. 1021.

■ The second question presented is: Was the petitioner at the time of the injury engaged in, on, or about the premises where his services were being performed, or where his service required his presence as a part of such service at the time of the accident and during the hours of service as a workman? The petitioner was being conveyed from the wharf in Mobile across the river to the place where he was to work, under the direction of the foreman of the employer, and it would seem clear from all the surrounding facts and circumstances that it was within the contemplation of the parties that this transportation should be furnished as part of the employment contract. In a somewhat similar case, Bouldin, J., after reviewing and comparing compensation statutes similar to ours, together with many decisions construing them, announces this conclusion:

"While the employee is being transported by the employer pursuant to the contract of employment, it cannot be questioned they have entered upon the day's work wherein mutual duties of employer and employee are presently being performed. The pay of the employee has begun, not in wages, but in service incident to the mutual relation created by contract; his going to or from the place of work is incident to his service as per contract; the hazard of the moment is directly due to relation of employer and employee; he is at a place where he is called upon to be, where of right he may be in the performance of contractual duty." Jett et al. v. Turner, 215 Ala. 352, 110 So. 702.

The foregoing would seem to settle the question so far as this case is concerned. Being employed by the Tow Boat Company to work at a place across the river, to be transported across the river by the Tow Boat Company, when petitioner presented himself at the wharf in Mobile, placed himself under his foreman to be transported to his work, he was then within the protection of the Compensation Act.

We find no prejudicial error in the record, and the writ is denied and judgment is affirmed.

■ The cause is properly here on certiorari, but not by appeal. The writ is therefore denied and judgment affirmed. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

Writ denied and affirmed.

PER CURIAM: Writ awarded; reversed and remanded, on authority of Baker Tow Boat Co. v. Langner (Ala. Sup.) 117 So. 915.