### HAWN v. POPE & TALBOT, Inc. (Haenn Ship Ceiling & Refitting Corp. et al., third party defendants).

### Civ. A. No. 9130.

United States District Court
E. D. Pennsylvania.

July 17, 1951.

Charles Lakatos, Philadelphia, for plaintiff.

Mark D. Alspach, Philadelphia, for defendant Pope & Talbot, Inc.

Thomas F. Mount, Philadelphia, Pa., for third-party defendant, Haenn Ship Ceiling & Refitting Corp.

McGRANERY, District Judge.

This is a civil action brought by Charles Hawn, a ship carpenter, against Pope & Talbot, Inc., owner pro hac vice under a bare-boat charter of the S. S. John Dickinson, to recover damages sustained as a result of a fall from the 'tween deck to the lower hold of the vessel while it was tied up at Girard Point, Philadelphia. The plaintiff was an employee of Haenn Ship Ceiling and Refitting Corporation (hereafter called Haenn), which had been engaged to prepare the ship to receive a cargo of grain by altering the grain feeders and erecting shifting boards. The defendant, Pope & Talbot filed a third-party complaint against Haenn and Atlantic & Gulf Stevedores, Inc. seeking full indemnity or contribution. The liability of the defendant was predicated on the ground of negligence and unseaworthiness and the liability of the third-party defendants was predicated upon negligence.

Before opening the case to the jury, the parties in open court stipulated and agreed that the action should be dismissed as to Atlantic & Gulf Stevedores, Inc.

The case was submitted to the jury with interrogatories under Fed.Rules Civ.Proc. rule 49, 28 U.S.C. The jury, in response to the interrogatories, found: (1) the S. S. John Dickinson unseaworthy, (2) the defendant Pope & Talbot negligent, (3) the third-party defendant Haenn negligent, (4) the plaintiff contributorily negligent to the extent of 17.5%, and (5) a verdict for the plaintiff against the defendant in the amount of thirty-six thousand dollars ($36,000.00) before any deduction for contributory negligence.

All three parties have filed post-trial motions. (1) The plaintiff moves for an entry of judgment in his favor, against the defendant, for the full amount of thirty-six thousand dollars ($36,000.00), without any deduction for contributory negligence, on the ground that there is no evidence to support such finding of contributory negligence. (2) The defendant, Pope & Talbot, moves for judgment notwithstanding the verdict, for a new trial, and for the entry of judgment in its favor on the ground that the plaintiff's contributory negligence bars any recovery. If judgment is to be entered for the plaintiff, however, then defendant moves that the verdict be molded to reduce plaintiff's recovery by 50% for contributory negligence. The defendant further moves for judgment awarding it full indemnity from the third-party defendant for any recovery awarded plaintiff; or, in the alternative, for judgment awarding it contribution from the third-party defendant in the amount of one-half the plaintiff's recovery. (3) The third-party defendant, Haenn, moves for judgment against the third-party plaintiff on the ground that the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. 901 et seq., precludes any recovery over by Pope & Talbot. Haenn also moves for a new trial and for a molding of the verdict to reduce the plaintiff's recovery by 50% on account of his contributory negligence.

Some of the defendant's assignments of error in support of its motion for a new trial will be noted first. The defendant complains that the court dealt almost exclusively with the question of unseaworthiness as a ground for liability, saying very little about negligence. On the contrary, the court did instruct fully on the issue of negligence, and the jury deliberated on that issue, returning a special finding of negligence. The defendant's objection actually bears upon his contention that the issue of unseaworthiness did not belong in the case, a problem considered in connection with the discussion of the defendant's motion for a judgment notwithstanding the verdict.

The defendant urges as error the court's charge to the jury that they ignore the matter of contract between the defendant and the Army, to whom the ship was under time charter, and who actually contracted for the services of

Haenn, plaintiff's employer. Here, it must be stated that the defendant was the owner of the vessel, pro hac vice, and under a non-delegable duty to maintain the ship in a seaworthy condition. The shipowner must be deemed to have consented to the performance of the services aboard the ship by Haenn, and upon this consent is predicated the liability for unseaworthiness. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099. Moreover, regardless of any contract, a shipowner, like anyone else, is liable for his own acts of negligence.

Two errors are assigned to the charge on the burden of proof. The first error contended was that the court indicated that after the plaintiff had supported his case with evidence, a burden might be shifted to the defendant. This is inaccurate since it was not said, or meant, that the burden of proof actually shifted. The intention was merely to convey to laymen the point that after the plaintiff had presented a convincing case, then the defendant had the burden of presenting evidence to the contrary. The technical aspect of the burden of proof was correctly given to the jury by reading to them the relevant point for charge submitted by defendant's counsel.

■ The second error assigned in connection with the burden of proof is that the court failed to instruct on causal connection, in certain parts of the charge. It is true that in discussing the grounds for liability, the court, in one or two comments, did not immediately connect liability with causation. Nevertheless, the problem of proximate cause was clearly discussed in other parts of the charge, including a point submitted by the defendant and read to the jury. Reading the charge as a whole, it is clear that the jury could not have been misled on the issue of causation.

■ The defendant points out a sentence in the charge which it complains, has the effect of practically directing a verdict for the plaintiff. The sentence was an explanation of the fact that the plaintiff could recover only against the defendant, no recovery against the third-party defendant being possible, and consequently, in order to find for the plaintiff, the jury had to find negligence or unseaworthiness attributable to the defendant. In talking to the jury, however, the court omitted to state explicitly the conditional words qualifying the jury's duty to find negligence or unseaworthiness. Yet the words of condition—"in order to find for the plaintiff"—were certainly implicit in the sentence as the court spoke to the jury. In any event, a full reading of the charge renders inconceivable the notion that a directed verdict was indicated, and it is beyond reason to assume that the jury isolated a single sentence from context to reach a conclusion foreign to the sense of the entire charge.

Thorough examination of the defendant's assignments of error and of the third-party defendant's assignments of error fail to prove the necessity for a new trial. Accordingly, the motions for a new trial will be denied.

■ In support of its motion for a judgment notwithstanding the verdict, the defendant Pope & Talbot urges that it owed no duty to the plaintiff, a carpenter in the employ of a shore-side company, to provide a seaworthy ship, and that if it did owe him that duty, there was no evidence of unseaworthiness. The court is of the opinion that under the decision of Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099, the doctrine of seaworthiness applies to the plaintiff, whose duties had a direct relation to the proper loading and handling of the ship's cargo in preparation for a voyage. Sulovitz v. U. S., D.C., 64 F.Supp. 637; Eagle Indemnity Co., to Use of Beall v. U. S. Lines Co., D.C., 86 F.Supp. 949. Whether there was any evidence of unseaworthiness, however, is a close question, grounds for a finding of unseaworthiness: (1) the slippery condition of the deck and hatch covers because of the presence of grain dust deposited by a partial grainloading; (2) inadequate lighting in the 'tween deck section of the hold where the accident occurred; and, (3) the absence, for some time prior to the accident, of a hatch cover at the point where the plaintiff fell, the

evidence being that on the preceding day, ship cleaners had noticed missing hatch covers in the vicinity. Under the recent Third Circuit decision of Cookingham v. U. S., 184 F.2d 213, noted 19 Geo.Wash. L.Rev. 341, the first two conditions may not be described as conditions of unseaworthiness. The slipperiness of the decks because of grain dust from a loading was merely a transitory unsafe condition resulting from the normal use and operation of the ship, involving no inherently defective appliance. The same may be said of the lighting conditions. It is difficult to determine whether the absence of a hatch cover for a period of a day prior to the accident is merely a transitory condition, without evidence of how long the condition actually existed. Cf. Judge Biggs' dissent in the Cookingham case. In the instant case, the court concludes that the evidence would warrant a finding of unseaworthiness.

■ In any event, a finding of negligence, a separate and independent ground of liability, was justified. The evidence of the absence of a hatch cover for about a day preceding the accident is sufficient to charge the defendant with constructive notice of the fact. And in the circumstances of grain loading, with slippery footing to be expected, a conclusion of negligence on the defendant's part is not unreasonable. Pope & Talbot's motion for a judgment notwithstanding the verdict, therefore, will be denied.

■ On the other hand, contrary to the plaintiff's contention, there was ample evidence to warrant the finding of contributory negligence. It was testified that there was sufficient light to do the work which had to be done, though perhaps with some difficulty. The work had, in fact, been in progress for some time. Consequently, the jury was justified in concluding that there was sufficient light for the plaintiff to have seen that a hatch cover was missing. Hence, notwithstanding the slippery footing conditions, of which plaintiff, an experienced hand at working on grain ships, could not have been unaware, it was reasonable for the jury to conclude that in the exercise of due care, he could

have avoided the discernable danger. That he did not avoid it indicates contributory negligence, and the jury's finding to that effect is well substantiated by the evidence. The plaintiff's motion for the entry of judgment without regard to contributory negligence will be denied.

The defendant's position on contributory negligence is that it is a complete bar in a civil action, notwithstanding the maritime nature of the action. Belden v. Chase, 150 U.S. 674, 14 S.Ct. 264, 37 L.Ed. 1218; Johnson v. U. S. Shipping Board, 2 Cir., 24 F.2d 963, reversed on other grounds; In re Pennsylvania R. R. Co., 2 Cir., 48 F.2d 559. The issue raised suggests the whole problem of uniformity in the maritime law. See, for a discussion, Stevens, "Erie R. R. v. Tompkins and the Uniform General Maritime Law", 64 Harv.L.Rev. 246.

■ The court does not concede the present validity of the doctrine of the Belden v. Chase line of cases. In those cases, the problem of contributory negligence was treated as one of procedure and, therefore, lex fori, in the Belden case, however, merely by way of dictum. In conflict of laws, contributory negligence is part of the substance of the "right". Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645; Restatement, Conflict of Laws, Sec. 385. The court, in Re Pennsylvania R. R. Co., restated the familiar rules of conflict of laws, but concluded that, as between a court of admiralty and a common law court, the question is treated as one of procedure, "though in general the law is otherwise." [48 F.2d 566] Under the philosophy of Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the question of whether contributory negligence is substantive or procedural in nature depends on whether "it significantly affects the result of a litigation" for a federal court, at law, to disregard a rule of the maritime law which would be controlling in an action upon the same claim by the same parties in an admiralty court. See Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079. In admiralty, contributory negligence does not wholly bar recovery. The

Max Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586. To disregard the admiralty rule in an action on the "law side" of the court would "significantly affect the result" of this litigation, and in that sense contributory negligence is substantive in nature.

■ The Supreme Court has re-emphasized the "necessary dominance of admiralty principles in actions in vindication of rights arising from admiralty law. Belden v. Chase * * * an 1893 decision which [was relied] upon as establishing a contrary rule, has never been thus considered in any of the later cases cited." Garrett v. Moore-McCormack Co., 317 U.S. 239, 244, 63 S.Ct. 246, 250, 87 L.Ed. 239. The injury to the plaintiff involves a maritime tort. Atlantic Transport Co. of W. Va. v. Imbrovek, 234 U.S. 52, 34 S.Ct. 733, 58 L.Ed. 1208; Robins Dry Dock & Repair Co. v. Dahl, 266 U.S. 449, 45 S.Ct. 157, 69 L.Ed. 372; Robinson on Admiralty, pp. 106–107. His rights are rooted in the general maritime law, and his right to be free from the bar of contributory negligence imposed by the Pennsylvania local rule inheres in his cause of action just as deeply as did the right of the petitioner in the Garrett case to be free from the local Pennsylvania rule on the burden of proof inhere in that cause of action. "The constant objective of legislation and jurisprudence is to assure litigants full protection for all substantive rights intended to be afforded them by the jurisdiction in which the right * * * originates." Garrett v. Moore-McCormack, supra, 317 U.S. at page 245, 63 S.Ct. at page 251, 87 L.Ed. 239. Thus, in a suit in a State court on a cause of action originating in the general maritime law, the State court was obliged to look to the maritime law in determining the "substantial rights of the parties." Similarly, a federal district court, when its diversity jurisdiction is invoked in a maritime dispute, looks to the maritime law rather than to the State law. Seas Shipping Co. v. Sieracki, supra; Cannella v. Lykes Bros. S. S. Co., 2 Cir., 174 F.2d 794. To apply the bar of contributory negligence would be "inconsistent, and an impractical refinement * * * in a system of law which maintains the comparative negligence rule to the fullest extent." Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 432, 59 S.Ct. 262, 267, 83 L.Ed. 265.

I reach the conclusion, therefore, that since the plaintiff's suit rests on asserted rights granted by the federal law, the protection of his substantial rights demands the application of the maritime law. Accordingly, the defendant's motion for the entry of judgment in its favor because of the plaintiff's contributory negligence will be denied.

■ Both the defendant and the third-party defendant contend that if the general maritime law of contributory negligence is applicable, then the damages should be halved rather than assessed under the theory of the percentage of fault which the respective parties contributed to the injury. The general maritime rule, in property damage cases, is to assess the negligent parties equally. Robinson on Admiralty, p. 857; see American Stevedores v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011. In personal injury cases, The Max Morris, 137 U.S. 1, 11 S.Ct. 29, 34 L.Ed. 586, decided that contributory negligence was not a complete bar to recovery, but the court left unsettled the method of the division of damages. In practice, courts have not generally split the damages half and half. Robinson, p. 91; Guerrini v. U. S., 2 Cir., 167 F.2d 352; Kreste v. U. S., 2 Cir., 158 F.2d 575; Strika v. Holland America Line, D.C., 90 F.Supp. 534; Portel v. U. S., D.C., 85 F.Supp. 458; Badalamenti v. U. S., D.C., 67 F.Supp. 575, modified 2 Cir., 160 F.2d 422; cf., Stokes v. U. S., 2 Cir., 144 F.2d 82, 87. And the decisions are not lacking in language indicating the existence of the comparative negligence doctrine in admiralty. American Stevedores v. Porello, supra, 330 U.S. at page 458, 67 S.Ct. 847, 91 L.Ed. 1011; Socony-Vacuum Oil Co. v. Smith, supra, 305 U.S. at pages 431–432, 59 S.Ct. 262, 83 L.Ed. 265; Storgard v. France & Canada S. S. Corp., 2 Cir., 263 F. 545; Coal Operators Cas. Co. v. U. S., D.C., 76 F.Supp. 681, 683; The Herry S. Grove, D.C., 22 F.2d 444, 447. Inasmuch as the

jury has assessed the comparative negligence between plaintiff and defendant, this court will give effect to that assessment in accordance with a rule that appears to have the sanction of practice and opinion. Consequently, the motions to reduce the plaintiff's recovery by 50% of the jury's full verdict will be denied.

 In support of its motion for judgment against the third-party plaintiff, Haenn the third-party defendant, contends that under the terms of the Longshoremen's and Harbor Workers' Compensation Act, its sole liability to an injured employee is to secure payment of compensation to him; and, having met this liability it may not be required to pay him further compensation indirectly by being compelled to contribute to the third-party plaintiff on account of damages recovered from it by the injured employee. The problem has been settled in this Circuit by the recent decision of the Court of Appeals in Baccile v. Halcyon Lines, 3 Cir., 187 F.2d 403. The employer-third-party defendant, having been found guilty of negligence, is liable to contribution to the defendant-third-party plaintiff, but only up to the limit of the employer's compensation liability. Compare American Mutual Liability Ins. Co. v. Matthews, 2 Cir., 182 F.2d 322; United States v. Rothschild Int. Stevedoring Co., 9 Cir., 183 F.2d 181. Although the jury was not asked to find comparative negligence between Pope & Talbot and Haenn, they are "mutual wrongdoers", and their acts of negligence were highly analogous. Each was negligent in an almost identical manner in contributing to the cause of plaintiff's injury. Therefore, it seems appropriate that they contribute equally, unless an equal contribution should exceed the limit of Haenn's compensation liability. Accordingly, Haenn's motion for judgment will be denied, and Pope & Talbot's motion for full indemnification will likewise be denied. Pope & Talbot's motion to require Haenn to contribute one-half the judgment entered for plaintiff against Pope & Talbot will be granted insofar as it can be consistently with Haenn's compensation liability limitation.

Assessing 17.5% of the thirty-six thousand dollars ($36,000.00) verdict against the plaintiff because of his contributory negligence as found by the jury, then 82.5% of the thirty-six thousand dollars ($36,-000.00) verdict, or the sum of twenty-nine thousand seven hundred dollars ($29,-700.00) will be the measure of the plaintiff's recovery against the defendant. The third-party defendant must contribute one-half of that sum, or fourteen thousand eight hundred fifty dollars ($14,850.00), to the defendant, unless the limit of his workmen's compensation liability is a smaller amount, in which event the smaller amount is the measure of the contribution. It does not appear on the record what the limit of Haenn's compensation liability is, nor does it appear in what amount the plaintiff has received compensation payments to date. If he has received such payments, the amount which the third-party defendant contributes to the defendant must be correspondingly reduced, and so must the amount which the plaintiff recovers from the defendant. The parties will submit an appropriate order in accordance with this opinion.