HAWN v. POPE & TALBOT, Inc. (Haenn Ship Ceiling & Refitting Corp. et al., Third-Party Defendants).

No. 9130.

United States District Court
E. D. Pennsylvania.

Sept. 28, 1951.

Charles Lakatos, Philadelphia, Pa., for plaintiff.

Mark D. Alspach, Philadelphia, Pa., for defendant Pope & Talbot, Inc.

Thomas F. Mount, Philadelphia, Pa., for third-party defendant Haenn Ship Ceiling and Refitting Corp.

McGRANERY, District Judge.

Since filing opinion in this case on July 17, 1951, D.C., 99 F.Supp. 226, a further hearing has been held and all parties concerned have moved the court for entry of final judgment. At that hearing, additional evidence was introduced showing that Haenn Ship Ceiling & Refitting Corp., third party defendant, notwithstanding the plaintiff's election to sue, has continued paying compensation at the rate of $25 per week as provided by the Longshoremen's and Harbor Workers' Act and that as of September 24, 1951 there will have been paid in compensation a total of $5,050. It further appears that the third party defendant has paid for medical and hospital expenses the sum of $831.35 and that the plaintiff has agreed, if and when his judgment against the original defendant is collected, to repay to the third party defendant all sums paid by it to him as compensation and as well the sum of $831.35 for medical and hospital expenses. It is further stipulated that the limit of the third party defendant's obligation to pay compensation under the Act is $7,500. Upon considera-tion of this evidence and the law applicable to the case, the original opinion, insofar as the manner in which it provides for the entry of judgment, is hereby modified, and that judgment is entered as follows:

Judgment is entered in favor of Charles Hawn, plaintiff, against Pope & Talbot, Inc. in the amount of $29,700 with interest and costs; and in favor of Pope & Talbot, Inc., against Haenn Ship Ceiling & Refitting Corp., third party defendant, in the amount of $8,331.35 with interest and costs, with leave to the third party defendant to move for modification of the judgment against it should it hereafter appear that for any reason it may be relieved from paying the full limit of its obligation for compensation under the Longshoremen's and Harbor Workers' Act.