T. Paul Kane, J.
Third-party defendant, Atlantic Cordage Co., Inc., moves for an order dismissing the third-party complaint of defendants and third-party plaintiffs on the ground that the complaint fails to state a cause of action against third-party defendant.
It appears that on or about October 28,1963, plaintiff William H. Mosso, Jr., was working as a deckhand on a tug known as ‘ Crow ’ ’ in the Detroit River in the State of Michigan and while this tug was towing a barge known as ‘ Erie ’ ’, he was struck by a towing cable which had parted at the eye splice. It is alleged that the ‘ ‘ Crow ’ ’ was owned and operated by the defendants. As third-party plaintiffs, these defendants allege in the third-party complaint that the towing cable was purchased from the third-party defendant. This third-party complaint purports to allege a cause of action in negligence and a breach of warranty.
The third-party defendant’s first objection is that indemnity cannot be sought where the prime complaint charges active rather than passive negligence (Gingeresky v. Gifford-Wood Co., 14 A D 2d 623). Third-party plaintiffs, however, contend that the accident occurred on a vessel in navigable waters and therefore the principles and rules of the substantive maritime law of the Federal courts apply. (Robins Dry Dock Co. v. Dahl, 266 U. S. 449.)
As a second objection, third-party defendant claims that the second cause of action apparently attempts to set forth a cause of action based on implied warranty and therefore must fail as a matter of law, based on the Gingeresky case (supra).
The rules stated by the third-party defendant relating to active and passive negligence are unequivocally the law of this State. A review of the primary complaint, however, indicates to the court that the charges of negligence do not amount to solely active negligence. Based upon this conclusion, unless there are different principles of substantive maritime law, the allegations of the first cause of action in the third-party complaint are legally sufficient. There appears to be an admixture of substantive and procedural law since a third-party complaint could not be held legally sufficient unless the substantive law applicable provided a cause of action against the third-party defendant. There is no doubt, however, that the assertion of substantive rights is *587 involved and if these rights are not recognized by Federal maritime law, then the motion to dismiss should be granted.
The case of Merriweather v. Boland & Cornelius (6 N Y 2d 417) hears heavily upon the questions before this court. On the one hand it concludes that certain decisions of the Supreme Court of the United States (Ryan Co. v. Pan-Atlantic Corp., 350 U. S. 124; Weyerhaeuser, S. S. Co. v. Nacirema Co., 355 U. S. 563; Crumady v. The J. H. Fisser, 358 U. S. 423) have ruled out the quasi-contract theory in maritime indemnity. This apparently puts to rest the active-passive theory of indemnity discussed in McFall v. Compagnie Maritime Belge (304 N. Y. 314). Therefore, as a matter of law (Merriweather, supra) the court is constrained to dismiss the first cause of action of the third-party complaint which is undeniably founded upon the quasi-contractual theory of indemnity which the courts of this State have interpreted as not being recognized in Federal maritime law.
The second cause of action of the third-party complaint sounds in breach of warranty. Based upon the same case authorities, it is clear that, assuming the proof of some form of contractual indemnity, third-party plaintiff would under Federal maritime law be entitled to recover over. Hence, paragraphs Eighth through Tenth of the third-party complaint state a cause of action.
Therefore, the motion as to the first cause of action is granted and as to the second cause of action is denied.