(117 So. 915)

## BAKER TOW BOAT CO. v. LANGNER.
### (1 Div. 502.)

Supreme Court of Alabama.   June 21, 1928.

H. Pillans and Pillans, Cowley & Gresham, all of Mobile, for appellant.

R. P. Roach, of Mobile, for appellee.

GARDNER, J. Petition for certiorari to review the decision of the Court of Appeals in the case of Baker Tow Boat Company v. W. R. Langner, affirming the judgment of the circuit court awarding compensation to said Langner under the workmen's compensation statute of this state (Acts 1919, p: 206), for injuries received as an employee of said tow boat company.

### Upon the Motion.

■ Respondent, Langner, moves to strike this petition, resting his motion upon the ground that the same was not here filed and presented within the time prescribed by the rules of this court. · It appears that upon judgment of affirmance being rendered in the Court of Appeals, application for rehearing was duly filed, considered, and denied by that court, and no petition for review thereof here presented within the 15 days thereafter as prescribed by Supreme Court rule 44.

The argument of respondent is therefore rested upon said rule in connection with rule 38 having reference to rehearings and authorities bearing thereon, among them Riley v. L. & N. R. R. Co., 18 Ala. App. 279, 92 So. 23; King v. Cent. Hdw. Co., 204 Ala. 336, 85 So. 822; Ex parte Shirey, 206 Ala. 167, 90 So. 75; Morrison v. Formby, 191 Ala. 108, 67 So. 668.

If this were all, respondent's motion should prevail. But it further appears from the record, however, that a short time subsequent to the expiration of 15 days from the denial of petitioner's application for rehearing, and at the same term of the court, the Court of Appeals, for reasons deemed by that court entirely sufficient and with which this court is not concerned, entered an order restoring the cause to the rehearing docket. The case was then reconsidered, and application for rehearing again overruled. That this petition was here duly filed and presented within the time prescribed by our rule after this latter action of the Court of Appeals is not questioned. The cause was "within the breast" of the court during the term, and it cannot be successfully controverted the Court of Appeals acted within its power and authority in restoring by force of its own order, the cause to the rehearing docket. The rule and authorities above noted have no effect to displace the inherent power of the court over its own judgments during the term the same were rendered, and are therefore here inapplicable. The motion is denied.

### Upon the Merits.

Upon the merits of the cause, petitioner insists the case discloses one of exclusive admiralty jurisdiction and that the trial court was in error in giving application to our workmen's compensation statute.

Counsel for respondent insists that this question was not sufficiently presented and pressed in the trial court, and that sufficient detail of facts do not appear to warrant a consideration of the principles of law elaborately argued in brief for petitioner.

■ The review by this court of the Court of Appeals is confined to questions of law decided by that court, and it suffices as an answer to respondent's contention that the Court of Appeals has considered the findings of fact by the trial court as sufficiently presenting the questions of law argued by petitioner, and has entered into a determination thereof. In cases of this character the findings of fact by the trial court constitute a part of the record of the cause and stand as on a parity with the pleadings so far as a reference thereto is concerned, and will be looked to in aid of and supplementary to any facts not deemed necessary by the Court of Appeals to be detailed in the opinion rendered. Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

In the opinion of the Court of Appeals it is stated that respondent was "injured while being transported to his work on a launch which was at the time on the Mobile river, which is a navigable stream," and that he "was employed to work as a carpenter on a vessel out of commission and on dry dock, and not upon any navigable water." Supplementing these facts by those stated in the findings of fact by the trial court, it appears that petitioner, Baker Tow Boat Company, was at the time engaged in repairing certain vessels at the plant of the Henderson Shipbuilding Company on Pinto Island on the eastern shore of Mobile river, immediately opposite the city of Mobile, the repair work being on certain barges and

the steamboat "Darling," which "were used on the water, but that at the time of plaintiff's injury they were on the dock on Pinto Island." It further appears that Langner, the employee, was a carpenter engaged in the repair work as above stated, and that he resided in Mobile; was being transported in a motorboat from Mobile to Pinto Island on his way to his work when injured by the boat striking an obstruction in the river about 50 or 75 feet from the eastern shore, the force of which impact throwing him into the machinery of the boat, causing injuries not necessary here to detail.

■ The matter of admiralty jurisdiction presents a federal question, upon which the decisions of our federal Supreme Court are binding and conclusive. It is now definitely settled by these decisions that where an injury to an employee presents a case of admiralty jurisdiction, such jurisdiction . is exclusive, and the workmen's compensation statute of the states can have no field of operation thereon. Southern Pacific Co. v. Jensen, 244 U. S. 205, 37 S. Ct. 524, 61 L. Ed. 1086, L. R. A. 1918C, 451, Ann. Cas. 1917E, 900; Robins Dry Dock & Repair Co. v. Dahl, 266 U. S. 449, 45 S. Ct. 157, 69 L. Ed. 372; T. Smith & Son v. Fannie R. Taylor (Case No. 186) 48 S. Ct. 228, 72 L. Ed. 520, present term.; Alaska Packers' Ass'n v. Ind. Accident Comm. of Calif. et al. (Case No. 266) 48 S. Ct. 346, 72 L. Ed. 656, present term.

The remedy given to the employee by the compensation statutes of the several states was sought by amendment to the federal statute (October 6, 1917 [28 USCA §§ 41(3), 371(3)]) to be extended to those cases where theretofore the admiralty courts had exclu-· sive jurisdiction, but the Supreme Court of the United States held such enactment overstepped the constitutional bounds of Congress, as defeating the purpose of the Constitution respecting the harmony and uniformity of the maritime law, and declared the statute ineffective. Knickerbocker Ice Co. v. Stewart, 253 U. S. 149, 40 S. Ct. 438, 64 L. Ed. 834, 11 A. L. R. 1145.

■ It is likewise well settled that repair work on vessels that have been in use on navigable waters constitutes maritime service, as distinguishable from work in the building or construction of a vessel. Great Lakes Co. v. Kierejewski, 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756; Robins Dry Dock & Repair Co. v. Dahl, 266 U. S. 449, 45 S. Ct. 157, 69 L. Ed. 372; Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; · North. Pacific S. S. Co. v. Hall Bros. Co., 249 U. S. 119, 39 S. ·Ct. 221, 63 L. Ed. 510; Gray v. N. O. Dry Docks Co., 146 La. 826, 84 So. 109.

As we read and understand the opinion of the Court of Appeals, the conclusion was reached by that court that the repair work on the barges and the vessel was not maritime service for the reason they were not at that time upon navigable water, but upon dry dock on Pinto Island. That question was discussed, but left undecided, in The Robert W. Parsons, 191 U. S. 17, 24 S. Ct. 8, 48 L. Ed. 73, but, again, squarely presented in North. Pacific S. S. Co. v. Hall Bros., etc., Co., 249 U. S. 119, 39 S. Ct. 221, 63 L. Ed. 510, where the court held that such repair work constituted a maritime contract whether the vessel was afloat, in dry dock or while hauled up by ways upon land, saying in conclusion of the discussion:

"The nature of the service is identical in the several cases, and the admiralty jurisdiction extends to all."

The Court of Appeals points out the general doctrine as recognized by the federal authorities that in contract matters admiralty jurisdiction depends upon the nature of the transaction, and in tort matters upon the locality. Grant Smith-Porter Co. v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008; The Plymouth, 3 Wall. 20, 18 L. Ed. 125; Atlantic Transport Co. v. Imbrovek, 234 U. S. 52, 34 S. Ct. 733, 58 L. Ed. 1208, 51 L. R. A. (N. S.) 1157. But in tort matters it seems that the question of locality is not always the sole test, for the character of work in which the employee is engaged, or for which he is employed, is to be considered. If such work bears no relation to navigation or commerce, then the mere fact of locality will not extend the case to admiralty jurisdiction. This is the holding in Grant Smith-Porter v. Rohde, 257 U. S. 469, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008, followed by this Court in Ex parte Havard, 211 Ala. 605, 100 So. 897, and on second appeal styled Ex parte Rosengrant, 213 Ala. 202, 104 So. 409. In that case the employee met his death while on navigable waters, but his work bore no relation to matters of a maritime character. The decision in this latter appeal was reviewed by the Supreme Court of the United States, and there affirmed on the authority of Grant Smith-Porter Co. v. Rohde, supra, and. Miller's Indemnity Underwriters v. Brand, 270 U. S. 59, 46 S. Ct. 194, 70 L. Ed. 470. See, also, Rosengrant v. Havard, 273 U. S. 664, 47 S. Ct. 454, 71 L. Ed. 829.

In the instant case the locality of the injury was upon the navigable waters, and we have above stated our conclusion that the repair work of the vessel and barges was of maritime nature.

In T. Smith & Son v. Fannie R. Taylor, supra, the contract and work was of maritime character, but the locality of the injury was on the land, and the conclusion was the state compensation statute was applicable, the court saying in this connection:

"Deceased was engaged in maritime work under a·maritime contract. If the cause of action arose upon the river, the rights of the parties are controlled by maritime law, the case is

within the admiralty and maritime jurisdiction, and the application of the Louisiana Compensation Law violated section 2 of article 3 [referring to the Federal Constitution]. But, if the cause of action arose upon the land, the state law is applicable."

The foregoing quotation is here very much in point.

In the instant case, Langner, the employee, was injured while on the Mobile river, navigable waters, and if we have properly interpreted the character of work in which he was engaged as of a maritime nature (and we think the decisions herein cited point unerringly to that conclusion), then the case presents one of exclusive admiralty jurisdiction, and the application of the state compensation statute would be violative of section 2, art. 3, of the Federal Constitution. We are constrained to so hold.

Of interest in this connection, and supportive of the views here entertained, we note also O'Hara's Case, 248 Mass. 31, 142 N. E. 844, and Butler v. Robins Dry Docks & Repair Co., 240 N. Y. 23, 147 N. E. 235.

It results, as our conclusion, that the holding of the Court of Appeals is erroneous. The petition for certiorari will be awarded, and the judgment of that court reversed and the cause remanded.

Writ awarded; reversed and remanded.

All the Justices concur.