James **BATTAGLIA**, Libelant,

v.

**UNITED STATES of America,**
**Respondent.**

United States District Court
S. D. New York.

Dec. 1, 1961.

Vincent J. Lumia, Brooklyn, N. Y., for libelant; Anthony S. Bottitta, Brooklyn, N. Y., of counsel.

Robert M. Morgenthau, U. S. Atty., S. D. New York, New York City, for respondent; Louis E. Greco, Walter L. Hopkins, New York City, of counsel.

FEINBERG, District Judge.

This is a libel in admiralty under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., against the United States for personal injuries allegedly sustained by libelant while working as a longshoreman aboard a ship owned and operated by the United States. The United States has moved for summary judgment dismissing the libel under Rule 58(b) of the Supreme Court Admiralty Rules, 28 U.S.C.A. on the ground that libelant had failed to effectuate timely service of process upon the United States.

The chronology is as follows. Libelant was allegedly injured on October 15, 1959. Libelant verified his libel on October 11, 1960; it was served on the United States Attorney for the Southern District of New York on June 8, 1961, and filed with the Clerk of the Court on the same day. On October 25, 1961, the United States moved for summary judgment. The substance of its motion was that libelant had failed to serve a copy of his libel within the required two-year period of the applicable statute of limitations (46 U.S. C.A. § 745 or 46 U.S.C.A. § 782), upon the Attorney General of the United States. The next day, October 26, libelant sent a copy of the libel to the Attorney General by registered mail and, on November 1, 1961, mailed an affidavit of such service to the Clerk of this Court.

Section 742 of the Suits in Admiralty Act provides:

"* * * Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability is found. The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States and such corporation."

The same requirements apply to suits under the Public Vessels Act (See 46 U. S.C.A. § 782).

The United States contends that, since libelant failed to complete service of process within the two-year limitation period, the libel must be dismissed with prejudice. Libelant argues that the motion for summary judgment should be denied because (1) there is a genuine issue of fact as to whether or not the mailing of the libel on October 26, 1961 was "forthwith" within the meaning of the statutory condition above quoted; (2) the controlling date in determining whether the statute of limitations has been complied with is the filing of the libel and not the service thereof; and (3) the United States should be estopped from urging that the statute has not been complied with technically because its conduct was "calculated to mislead" libelant into a false sense of security and so did.

The decision of the Court of Appeals for this Circuit in City of New York v. McAllister Brothers, Inc., 278 F.2d 708

(2 Cir., 1960) controls the disposition of this motion. That case held that service on the United States Attorney and on the Attorney General more than two months after the filing of an impleading petition was not service "forthwith" and, accordingly, affirmed dismissal of the petition. The Court stated (at 278 F.2d 710):

> "* * * 'Forthwith' means immediately, without delay, or as soon as the object may be accomplished by reasonable exertion. The Supreme Court has said of the word that 'in matters of practice and pleading it is usually construed, and sometimes defined by rule of court, as within twenty-four hours.' Dickerman v. Northern Trust Co., 1900, 176 U.S. 181, 193, 20 S.Ct. 311, 315, 44 L.Ed. 423. Even were we to interpret the statute as granting more latitude than the Dickerman case suggests, a two month delay would surely not be a compliance. Appellant's suggestion that we construe the word to require only that service be made within the time permitted by the statute of limitations for bringing such actions would read 'forthwith' entirely out of the statute. Were this the meaning that Congress intended, it would have had no difficulty expressing it."

It is true that in the instant case libelant did make service forthwith on the United States Attorney for the Southern District of New York, while in the McAllister case service was made on neither the local United States attorney nor the Attorney General for two months. However, I reluctantly conclude that this is not sufficient ground for distinguishing the effect of the holding in McAllister. The conclusion is a reluctant one because there is a sharp conflict on the instant motion as to whether representations had been made to libelant which lulled him into a false sense of security. Since libelant, on supporting affidavit, makes clear that the first such alleged representation was not made until almost six weeks after filing of the libel with the Clerk of the Court, I feel that under McAllister service on the Attorney General at that point could not be considered as "forthwith." Therefore, the issue of whether there was a misrepresentation and what the legal effect thereof would be is not material. As I feel that "* * * there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (Rule 58(c), Supreme Court Admiralty Rules), the motion of the United States will be granted.

Under the McAllister case, I do not think it necessary to deal with the contention that the filing of the libel itself sufficiently complied with the statute of limitations. Ibid at 710. Cf. Messenger v. United States, 231 F.2d 328 (2 Cir., 1956).

So ordered.