**Roland E. DAVIS, a minor, etc., et al.,
Libelants,**

v.

**CITY OF JACKSONVILLE BEACH,
FLORIDA, a municipal corporation,
and Dean Cowan, Respondents.**

**No. 65-15-Adm-J.**
United States District Court
M. D. Florida,
Jacksonville Division.

Dec. 2, 1965.

Barton, Burwell & Harris, Gainesville, Fla., for libelants.

C. C. Howell, of Howell, Dawson, Galant, Maddox & Sulik, Jacksonville, Fla., for respondent City of Jacksonville Beach.

T. Malcolm Kirby, of Howell, Kirby, Montgomery, Sands & D'Aiuto, Jacksonville, Fla., for respondent Dean Cowan.

McRAE, District Judge.

This suit grew out of an accident occurring in the ocean off Jacksonville Beach, Florida, when a surfboard being ridden by respondent Dean Cowan crashed into libelant Roland E. Davis, who was swimming. Each respondent has filed a motion for "judgment on the pleadings," alleging that this action does not come within the admiralty jurisdiction.

It is not necessary to reach the novel question whether a surfboard is a vessel. Although drawing criticism from the commentators, see, *e. g.*, 1 Benedict, Admiralty 350–51 (6th ed. Knauth 1940); Comment, 64 Colum. L. Rev. 1084, 1091 (1964), the weight of authority in this country holds that any tort whatever, occurring on the high seas or navigable waters, is within the admiralty jurisdiction. See, *e. g.*, Weinstein v. Eastern Airlines, Inc., 316 F.2d 758 (3d Cir.), *cert. denied*, 375 U.S. 940, 84 S.Ct. 343, 11 L.Ed.2d 271 (1963).

Even if some maritime connection other than locality is required to sustain jurisdiction (and some such relationship appears in practically every case purporting to follow the general rule), it exists in this case. Of course, the present accident produced no direct or indirect influence on shipping and commerce. But a surfboard, by its very nature, operates almost exclusively on the high seas and navigable waters, and, just like a small canoe or raft, potentially can interfere with trade and commerce. For this reason, admiralty should develop the rules of liability relating to a surfboard's operation.

After due notice and hearing, it is therefore, upon consideration,

Ordered that respondents' motions for "judgment on the pleadings" are severally denied.