**Mary BROWN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 74–3194–DWW.**

United States District Court, C. D. California.

Oct. 23, 1975.

Voorhies & Greene, Los Angeles, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief of Civ. Div., Clarke A. Knicely, Asst. U. S. Atty., Los Angeles, Cal., William E. Gwatkin, III, Atty., Admiralty and Shipping Section, Paul M. Blayney, Atty., Admiralty and Shipping Section, U. S. Dept. of Justice, San Francisco, Cal., for defendant.

## ORDER OF DISMISSAL

DAVID W. WILLIAMS, District Judge.

This is a wrongful death action brought against the Government by the widow of a man who was killed while sailing a catamaran pleasure boat on the Colorado River. The 28 foot aluminum mast of the vessel struck a low-hanging power line strung across the river by the Bureau of Indian Affairs and the decedent was either electrocuted or drowned. The complaint contains one claim allegedly arising under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §§ 2671 et seq., and another claim arising under the Suits in Admiralty Act, 46 U.S.C. § 741 et seq. The Government filed a Rule 12(b) motion to dismiss the action for lack of jurisdiction and it must be granted for the reasons set forth hereinafter.

The plaintiff either has a claim under the Federal Tort Claims Act or the Suits in Admiralty Act, but not under both since the two means of bringing suit are mutually exclusive, as set

forth in the acts themselves. *Roberts v. United States*, 498 F.2d 520 (9th Cir., 1974). The Federal Tort Claims Act in pertinent part provides:

"The provisions of this chapter and §§ 1346(b) of this title shall not apply to . . .

(d) Any claim for which a remedy is provided by Sections 741–752, 781–790 of Title 46 relating to claims or suits in admiralty against the United States." 28 U.S.C. § 2680(d).

■ The facts of the case convince me that the alleged tortious conduct was not land-based and therefore the claim alleged under the Federal Tort Claims Act must fail. Plaintiffs argue that since the poles which held the wires which stretched across the river were land-based, the claim is properly filed under the Federal Tort Claims Act. The difficulty with this argument is that it was the wires, not the poles, that caused the damage or the impediment to navigation and therefore the suit is cognizable in Admiralty. The tort complained of is the negligent placing of a dangerous impediment to navigation. Such activity must be considered as having "a significant relationship to traditional maritime activity" within the meaning of *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268, 93 S.Ct. 493, 504, 34 L.Ed.2d 454 (1972) and therefore is properly brought under the Suits in Admiralty Act, unless otherwise barred.

■ But the story does not end here. The statute requires that the plaintiff . . . "shall *forthwith* serve a copy of his libel on the United States Attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, . ." (Emphasis supplied). 46 U.S.C. § 742. It has been held that since the United States is immune from suit except as it consents to be sued, the Court lacks jurisdiction unless civil actions against the United States are brought in strict compliance with the statute by which the consent is given. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L. Ed. 1058 (1941); *Mitchell v. Riddell*, 402 F.2d 842, 846 (9th Cir., 1968), cert. den., 394 U.S. 456, 89 S.Ct. 1223, 22 L.Ed.2d 415 (1969); *Caton v. United States*, 495 F.2d 635, 637 (9th Cir., 1974).

■■ The statute (46 U.S.C. § 742) mandates the plaintiff to serve the libel "forthwith." Literal compliance with this statutory condition is necessary. *California Casualty Indemnity Exchange v. United States*, 74 F.Supp. 404, 406 (S.D.Cal.1947). Plaintiff's complaint for wrongful death was filed November 4, 1974 but was not served upon the United States Attorney for this district until July 15, 1975. The copy of the libel which the statute requires be sent by registered mail to the Attorney General of the United States was not received by him until July 16, 1975, more than eight months following the filing of the suit. In *City of New York v. McAllister Bros., Inc.*, 278 F.2d 708 (2nd Cir. 1960) a delay of more than two months from the time of the filing of the petition to the time of service of a copy thereof on the United States Attorney was held a proper cause for the dismissal of the action. In *Battaglia v. United States*, 199 F. Supp. 834 (D.C.1961), affirmed, 303 F. 2d 683 (2 Cir. 1962), a delay of more than four months was held not to be service "forthwith" as required by the statute. A delay of more than 10 months before a copy of the libel was mailed to the Attorney General of the United States was held not "forthwith" service in *Glover v. United States*, 109 F.Supp. 701 (S.D.N.Y.1952) and a delay of more than 12 months caused the action to be dismissed for lack of "forthwith" service in *California Casualty Indemnity Exchange v. United States*, supra.

■ Plaintiff's attorney contends that he should not suffer dismissal of the complaint because of tardy service inasmuch as he took the papers to the office of the United States Marshal within min-

utes after filing the action and orally requested the marshal to complete service upon the defendant. Records of the Marshal's Office indicate that the attorney left the papers with that office but left no instructions for service and paid no fee and that after approximately 90 days the Marshal returned the original summons to the Clerk of the United States District Court unserved. There is an affirmative duty upon the attorney who filed the action to see that all necessary arrangements are made and instructions properly given so that service of the process may be effectuated. When by the statute, the attorney is mandated to see that service is made "forthwith" as here, there is the further obligation upon him to follow up any arrangements he may have made to effectuate service to be sure that it has been accomplished. It is a dereliction of duty for that person to wait eight months before verifying that the service has been made. This case might still be in limbo except that a clerk of this court, reviewing inactive files, called plaintiff's attorney on June 23, 1975 to ask why the defendant had not filed an answer.

Even though plaintiff's attorney claims that he understood that the Marshal's Office was going to serve a copy of the complaint upon the United States Attorney for this district, there is a second statutory mandate for the plaintiff to mail a copy of the complaint by registered mail to the Attorney General of the United States and this was not done by the attorney until after the passage of approximately eight months.

I therefore hold that the claim brought under the Federal Tort Claims Act must be dismissed because the cause of action sounds in Admiralty and the claim brought under the Suits in Admiralty Act must be dismissed because the Court lacks jurisdiction in view of the failure of the libelant to serve the libel pursuant to statutory requirements.