The appellant, Kennedy Engine Company, was sued when a fifty-three foot yacht, the CHRISTI V, caught fire while moored at the Dog River Marina. During an inspection of the craft one of Kennedy's employees discovered a faulty solenoid switch on a starter. After replacing the switch, which entailed removal and reinstallation of the starter, the mechanic reconnected the wires to the starter, improperly causing a short which led to a fire on board the vessel. Kennedy filed a third party complaint against AMF, Incorporated, manufacturer of the vessel, and against the Guest Corporation, manufacturer of the switch, seeking contribution from the third party defendants as joint tortfeasors. The trial court granted a summary judgment in favor of the third party defendants and Kennedy appealed.
The sole issue on appeal is whether Kennedy's claim was governed by admiralty law or Alabama law. Alabama law does not recognize actions for indemnity or contribution from joint tortfeasors. Consolidated Pipe Supply v. Stockham Valves Fittings, 365 So.2d 968 (Ala. 1978). When an action is brought in state court for a tort within the jurisdiction of admiralty law, 28 U.S.C. § 1333, however, the state court must apply the principles of admiralty. Moragne v. States Marine Lines,398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); J.H. Burton Sons Co. v. Mary, 212 Ala. 435, 103 So. 46 (1925). Since the principle of contribution among tortfeasors is recognized in admiralty law, United States v. Reliable Transfer Co.,421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975), Kennedy's claim stated a cause of action only if admiralty law governed.
The traditional rule was that, in contract matters, the exercise of admiralty jurisdiction depended on the transaction's relation to maritime matters; whereas in tort actions, such as the one at bar, admiralty jurisdiction depended on the locality rule. Baker Tow Boat Co. v. Langner,218 Ala. 34, 117 So. 915, 917 (1928). If the wrong occurred on navigable waters, the action was within admiralty jurisdiction. See Victory Carriers v. Law, 404 U.S. 202, 205 n. 2,92 S.Ct. 418, 421 n. 2, 30 L.Ed.2d 383 (1971) (citing numerous cases reciting the rule).
Appellee AMF argued that there was no evidence to establish that the waters in which the CHRISTI V was moored at the time of the incident were navigable. Therefore, AMF contended, the existence of admiralty jurisdiction was not established and the summary judgment was proper.
The navigability test is met when the waters are navigable in fact, i.e., when a boat could travel there. The Robert W.Parsons, 191 U.S. 17, 26, 24 S.Ct. 8, 10, 48 L.Ed. 73 (1903);McGuire v. City of New York, 192 F. Supp. 866, 867 n. 1 (S.D.N.Y. 1961). Undisputedly, the CHRISTI V traveled through the waters of the Dog River and into the marina where it was moored at the time of the fire. Given those facts, a conclusion that the waters in question were navigable would seem to follow. Even assuming that AMF's premise, that there was no evidence as to the navigability of the waters, was valid, that premise does not support AMF's conclusion that summary judgment was proper. On a summary judgment motion the burden of proof is on the moving party to show the absence of any genuine issue as to any material fact *Page 1216 
and that the moving party is entitled to a judgment as a matter of law. Rule 56 (c), A.R.Civ.P.; 6 Moore's Federal Practice § 56.15 (3) (1982). Since the movants failed to make a showing which excluded any real doubt as to whether the water was navigable, a summary judgment could not properly have been based on the locality rule.
Mechanical application of the locality rule in borderline situations has led to rather anomalous results. In a case where a longshoreman was knocked by a cargo-laden sling into the water, the Supreme Court ruled that there was no admiralty jurisdiction because the blow took place on land. Smith Sonv. Taylor, 276 U.S. 179, 48 S.Ct. 228, 72 L.Ed. 520 (1928). On the other hand, where a longshoreman was struck by a hoist and knocked from the deck of a vessel lying in navigable water onto a wharf the court upheld admiralty jurisdiction. Minnie v. PortHuron Terminal Co., 295 U.S. 647, 55 S.Ct. 884, 79 L.Ed. 1631
(1935).
Application of the locality rule proved equally awkward in other instances where the situs of the wrong was clearly in navigable waters but the activity giving rise to the injury was not of a typically maritime nature. For instance, some courts have applied admiralty law to accidents involving surfboards and swimmers, Davis v. City of Jacksonville Beach, 251 F. Supp. 327
(M.D. Fla. 1965), and waterskiers, King v. Testerman,214 F. Supp. 335 (E.D.Tenn. 1963).
Other courts refused to extend admiralty jurisdiction to all torts simply because they occurred in the water. These courts refused to apply admiralty law unless the tort arose from a maritime transaction, was of a maritime nature, or dealt with a maritime subject matter. McGuire v. City of New York,192 F. Supp. 866, 870 (1961); Baker Tow Boat Co. v. Langner,218 Ala. 34, 117 So. 915, 917 (1928).
The Supreme Court addressed the problems associated with the locality rule in Executive Jet Aviation v. City of Cleveland,409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972). That case arose out of an aircraft crash into Lake Erie caused by a flock of seagulls. The Court ruled that the mere fact that the tort occurred over or on navigable waters was insufficient to invoke admiralty jurisdiction. It ruled that, in order to constitute a maritime tort, the wrong must "bear a significant relationship to traditional maritime activity." Executive Jet, supra, at 268, 93 S.Ct. at 504.
A similar requirement has long been recognized by Alabama courts. In Baker Tow Boat Co. v. Langner, 218 Ala. 34,117 So. 915 (1928), this court considered the question of whether an action by an injured workman was governed by Alabama law or admiralty. It stated:
 "[I]n tort matters it seems that the question of locality is not always the sole test, for the character of work in which the employee is engaged, or for which he is employed, is to be considered. If such work bears no relation to navigation or commerce, then the mere fact of locality will not extend the case to admiralty jurisdiction."
218 Ala. at 36, 117 So. at 917.
The appellees argued that the activities which gave rise to the injuries did not bear a significant relationship to traditional maritime activities. Therefore, they argued, the application of admiralty law would be inappropriate. We note, however, that this court has ruled that "repair work on vessels that have been in use on navigable waters constitutes maritime service, as distinguishable from work in the building or construction of a vessel." Baker, supra, 218 Ala. at 36,117 So. at 917. Baker appears to be controlling here. We realize that the repairs in question were made during a "start up inspection" performed by a representative of the engine manufacturer in order to validate the engine's warranty and that the purchaser was waiting for certain modifications to be made to the CHRISTI V before putting her into service. It is undisputed, however, that she was a completed vessel in terms of being a seaworthy craft which had been in use on navigable waters. She had traveled by sea from North Carolina around Florida through the Gulf of Mexico and into Mobile *Page 1217 
Bay and finally to the Dog River Marina. The purchaser also used the vessel on several occasions for personal excursions into Mobile Bay. Since the CHRISTI V clearly had been in use on navigable waters prior to the fire and was being repaired at the time of the fire we hold that the wrong had a significant relationship to a traditional maritime activity.
Finally, the appellees directed our attention to a line of cases where courts have refused to apply admiralty law to torts arising out of the use of recreational vessels. See, e.g.,Chapman v. United States, 575 F.2d 147 (7th Cir. 1978); Adamsv. Montana Power Co., 528 F.2d 437 (9th Cir. 1975). Relying on those cases, the appellees took the position that an action arising out of a fire on board the CHRISTI V should not fall within admiralty jurisdiction because the CHRISTI V was a pleasure craft. That issue was addressed in Foremost InsuranceCo. v. Richardson, ___ U.S. ___, 102 S.Ct. 2654, 73 L.Ed.2d 300
(1982). In that case the Supreme Court rejected the argument that a substantial relationship with commercial maritime activity is necessary to invoke admiralty jurisdiction. It applied admiralty law to an action arising out of a collision between an eighteen-foot outboard boat being used for water skiing and a sixteen-foot fishing craft known as a "bass boat."
The summary judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.