This is an appeal from a summary judgment in favor of the defendant City of Birmingham. Plaintiff Wilford Edwards sued for injuries received while playing baseball on a baseball diamond in a public park in the City of Birmingham.
Edwards alleged in his complaint that he stepped in a hole between the left field foul line and a nearby chain link fence while attempting to catch a foul ball; that stepping into the hole caused him to fall against the fence, cutting himself on the exposed pointed edges on the top of the fence; and that the negligence of the City, in permitting the hole to remain in such a condition and in allowing the chain link fence to be installed and maintained with the sharp points dangerously unguarded, proximately caused his injuries.
The City filed a motion for summary judgment, saying:
 "That for aught that appears this accident occurred while plaintiff was engaged in the use of a recreation area not operated for profit, to-wit: a public park, and that there is by law no duty of care owed to plaintiff by the provisions of Title 35-15-1
et seq., Code of Alabama, 1975, as amended, and under the decision of the Supreme Court of Alabama in *Page 705 Glover v. City of Mobile, 417 So.2d 175 (Ala. 1982)."
Edwards responded that Glover did not apply because the defect or condition was created by or under the control of the City, unlike the factual setting in Glover. Edwards also filed an affidavit in opposition to the motion, but the trial court granted summary judgment for the City on February 22, 1983. Edwards timely filed notice of appeal to this Court.
We agree with the City and the trial court that the pleadings and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56 (c), A.R.Civ.P.
Edwards was a mere licensee; indeed, he stated in his affidavit that he paid no admission fee to use the field. Being on the City's property with the City's consent but for no business purpose, he was a licensee. Hickey v. Charlton,335 So.2d 389 (Ala. 1976); Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976). The duty a landowner owes to a licensee is not to willfully or wantonly injure him or to negligently injure him after discovering his peril. Bryant v. Morley, 406 So.2d 394
(Ala. 1981); Hickey v. Charlton, supra; Tolbert v. Gulsby,supra.
Under certain circumstances, a landowner may be required to warn a licensee of hidden dangers created by the landowner:
 "[A] landowner will generally owe no duty to warn a licensee of a potentially dangerous condition unless he does some positive act which creates a new hidden danger, pitfall or trap [emphasis in original], which is a condition that a person could not avoid by the use of reasonable care and skill. Otherwise, a landowner has the right to make use of his land as he may see fit. The licensee's entrance on the land carries with it no right to expect the land to be made safe for his reception, but he must assume the risk of whatever may be encountered. Once he is there, the law only requires the landowner to refrain from wantonly, maliciously or intentionally injuring him; in other words, the landowner is not liable unless he does some act which goes beyond mere negligence [emphasis added]."
Wright v. Alabama Power Co., 355 So.2d 322, 325 (Ala. 1978) (citations omitted); Glover v. City of Mobile, 417 So.2d 175
(Ala. 1982).
Edwards's complaint only sounds in negligence, and neither the complaint nor his affidavit asserts that the City did any positive act causing the hole to be in the condition which caused him to stumble. The most that can be gleaned from his complaint and affidavit is that he claims the City, by negligently maintaining the park, allowed the hole to remain. Any danger posed by the fence was open and obvious, so no duty to warn of a newly created hidden hazard arose regarding it, either.
Under the authorities cited above, the trial court was correct in granting summary judgment for the City. That judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.