The trial court entered for the defendant, Alabama Power Company, a judgment notwithstanding the verdict (JNOV), after a jury had returned a verdict for the plaintiff in the amount of $175,000. The basis for the case was a sailboat accident on Lake Logan Martin. Joseph G. Dobbs was injured when the mast of the sailboat that he and his wife were operating came into contact with high voltage power lines. Dobbs was badly shocked and has since undergone extensive surgery to his hands and eyes.
In entering the JNOV, the trial judge stated:
 "1. The defendant's Motion for Judgment Notwithstanding the Verdict is granted because the Court should have granted a directed verdict in favor of defendant, Alabama Power Company, at the close of all the evidence. Accordingly, judgment [is] rendered in favor of said defendant and against plaintiff and all court costs are taxed against Plaintiff.
 "2. Under Rule 50(c)(1) this Court also rules on defendant's Motion for a New Trial and determines that it should not be granted, if the judgment against plaintiff notwithstanding the verdict is hereafter vacated or reversed. . . ."
 A motion for JNOV is properly granted only when the movant would have been entitled to a directed verdict. Luker v. City of Brantley, 520 So.2d 517, 521 (Ala. 1987), quoting Wright v. Fountain, 454 So.2d 520 (Ala. 1984).
This Court has held:
 "There are only two situations in which a directed verdict is proper: (1) where there is no scintilla of evidence to support an element essential to the claim or (2) where there is no disputed issue of fact upon which reasonable men could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala. 1981). A directed verdict is appropriate in the second situation only if the facts and inferences point so strongly and overwhelmingly in one party's favor that reasonable persons could only arrive at one verdict. Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981)."
Osborn v. Johns, 468 So.2d 103 (Ala. 1985).
The present case is a tort action. Under Alabama law, every action in tort consists of three elements: The existence of a legal duty by defendant to plaintiff; a breach of that duty; and damage as the proximate result. Alabama Power Co. v. Guy,281 Ala. 583, 206 So.2d 594, 599 (1967).
Alabama law has specific statutes delineating the duties placed upon a landowner whose property is used by the general public for recreational purposes. Code 1975, § 35-15-1 et seq. Sections 35-15-1 and 35-15-3 state that the only duty owed by an owner or occupant of premises to others who use the premises for the purpose of enjoying water sports or for other recreational purposes is "to refrain from willfully or maliciously causing harm."
We have considered two similar cases under the Alabama recreational use statutes. In Driskill v. Alabama Power Co.,374 So.2d 265 (Ala. 1979), the plaintiffs were operating a motor boat on an Alabama Power Company reservoir in Cherokee County, Alabama. The boat ran into a submerged tree trunk, causing one of the occupants of the boat to be thrown into the water and thereby sustain injury. In approving the trial court's grant of a directed verdict in favor of Alabama Power Company, we said:
 "The Company was under no duty to warn the plaintiff, an ordinary licensee, of a possible danger concerning a condition brought about by its ordinary use of its land — raising and lowering the level of the lake."
Id. at 267.
In a case where the plaintiff, riding on an inner tube pulled by a ski boat, collided with a partially submerged fence on Lake Neely Henry near Gadsden, Alabama, we stated: *Page 37 
 "The licensee's entrance on the land carries with it no right to expect the land to be made safe for his reception, but he must assume the risk of whatever may be encountered. . . . Once he is there, the law only requires the landowner to refrain from wantonly, maliciously or intentionally injuring him; in other words, the landowner is not liable unless he does some act which goes beyond mere negligence."
Wright v. Alabama Power Co., 355 So.2d 322, 325 (Ala. 1978), at 325.
Under Alabama law, even in cases where the recreational use statute is not applied, the duty owed by a landowner is determined by the status of the person entering the land. In this case, Dobbs has the status of licensee. A landowner generally owes no duty to warn a licensee of a potentially dangerous condition unless the landowner does some positive act that creates a new and hidden danger. Edwards v. City ofBirmingham, 447 So.2d 704, 705 (Ala. 1984).
Dobbs contends that the Alabama recreational use statutes do not apply in the present case. Dobbs claims that this case was filed pursuant to 28 U.S.C. § 1333 as a case involving "maritime tort," and, thus, that the applicable law is that of admiralty, not that of the common law or statutes of Alabama.
We note that the first question usually addressed in any personal injury case reasonably related to the maritime field is whether admiralty jurisdiction exists. Waldrop, "Maritime Personal Injury Actions," 35 Ala.L.Rev. 63 (1984). We do not make a determination in this case that admiralty jurisdiction exists. We assume, for the sake of argument, that it does.
Dobbs cites Kennedy Engine Co. v. Dog River Marina Boatworks, Inc., 432 So.2d 1214, 1215 (Ala. 1983), in which we reversed a summary judgment in favor of the defendant in a case that involved a claim of contribution among joint tort-feasors. We reasoned in Kennedy Engine that because the case was brought properly in admiralty and because admiralty law recognizes contribution among joint tort-feasors, the claim for contribution by one defendant against another should not have been disposed of by summary judgment. Thus Kennedy Engine
involved a clearly stated principle under admiralty law that differed from Alabama law.
However, Dobbs fails to cite a principle under admiralty law that differs from Alabama law, except to argue that general negligence principles should apply rather than the recreational use statutes in the present case. In support of his position, Dobbs cites Brown v. United States, 403 F. Supp. 472 (C.D.Cal. 1975), for the proposition that there is a duty recognized in maritime tort law to refrain from "the negligent placing of a dangerous impediment to navigation." Id. at 474. Thus, Brown
imposes a duty on the entity that constructed the impediment to navigation. However, even under this theory, there is no basis for placing liability on Alabama Power. There is no evidence in this case that Alabama Power had anything to do with placing the power lines that injured Dobbs.
The evidence at trial clearly established the following facts: (1) Alabama Power Company is the licensee of the Logan Martin hydroelectric dam project. (2) the power lines struck by the mast of Dobbs's sailboat were staked, surveyed, and designed by Patterson and Dewars Engineers. (3) The power lines are owned, operated, and maintained by the Coosa Valley Electric Cooperative. (4) Alabama Power did not create the allegedly defective condition and had no actual knowledge of it.
Even reviewing the facts in the light most favorable to Dobbs, as we are required to do, Ritch v. Waldrop, 428 So.2d 1
(Ala. 1982), we are of the opinion that there is no legal basis under either theory — maritime law or Alabama common law and statutory law — for imposing liability on the defendant for Dobbs's injuries. We hold that the trial judge did not err in entering the JNOV in favor of Alabama Power Company.
The judgment of the trial court is due to be affirmed.
AFFIRMED. *Page 38 
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.