SHORES, Justice.
J.F. Day & Company, Inc. (“Day”), sued to enforce a materialman's lien it claimed for windows it had furnished to James Sis-son to build his house and for which Day had not been paid. Sisson answered, denying that he owed for the windows. In a counterclaim, Sisson alleged that Day’s filing of the lien had caused a slander of title. A jury found for Sisson on Day’s lien claim, and on the counterclaim it awarded Sisson compensatory damages of $1,292.50 and punitive damages of $35,000. The court entered a judgment on that verdict. Day moved for a judgment notwithstanding the verdict, pursuant to Rule 50, A.R.Civ.P., and, in the alternative, for a new trial, pursuant to Rule 59, A.R.Civ.P. The trial judge entered a j.n.o.v. for Day and, in the alternative, if the j.n.o.v. should be reversed on appeal, ordered a new trial. Sis-son appeals from the j.n.o.v. We affirm.
A motion for j.n.o.v. is a renewal of a motion for a directed verdict. The standard of sufficiency of the evidence is the same as in regard to a directed verdict. A j.n.o.v. is appropriate when the sole issue is one of law. To enter a j.n.o.v., the judge must find that, as a matter of law, the evidence was insufficient to support the verdict or that there was no disputed fact. A trial judge who enters a j.n.o.v. acknowledges that he should have directed a verdict. Dobbs v. Alabama Power Co., 549 So.2d 35 (Ala.1989). In Dobbs, the trial judge stated in his order that he was entering the j.n.o.v. because he should have directed a verdict in favor of the power company. This Court upheld the j.n.o.v., noting:
“There are only two situations in which a directed verdict is proper: (1) where there is no scintilla of evidence [the current standard would require that there be no substantial evidence] to support an element essential to the claim or (2) where there is no disputed issue of fact upon which reasonable men could differ. Caterpillar Tractor Co. v. Ford, 406 So.2d 854, 856 (Ala.1981). A directed verdict is appropriate in the second situation only if the facts and inferences point so strongly and overwhelmingly in one party’s favor that reasonable persons could only arrive at one verdict. Bick-ford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir.1981). Osborn v. Johns, 468 So.2d 103 (Ala.1985).”
549 So.2d at 36.
In granting Day’s motion for j.n.o.v., the trial judge entered the following order:
“Judgment was entered by this court on the verdict of the jury finding in favor of the defendant James Sisson and against the plaintiff J.R. Day & Company, Inc., on the materialman’s lien claim of the plaintiff and further assessing compensatory damages in the sum of $1,292.50 and punitive damages in the sum of $35,000 on the counterclaim of James Sisson for slander of title. This cause is before the court on the motion of the plaintiff for judgment notwithstanding the verdict as to the counterclaim or for new trial or, in the alternative, for remittitur.
“Insofar as the motion seeks a judgment notwithstanding the verdict under Rule 50, A.R.Civ.P., the issue is whether there was substantial evidence, under [§ 12-21-12, Ala.Code 1975,] of slander of title.... The elements of a slander of title action, and those required to be proven by ... substantial evidence are: (1) ownership of the property by the *1341 [plaintiff in the slander of title action]; (2) falsity of the words published; (3) malice ... in publishing the false statements; (4) publication to some person other than the owner; (5) the publication must be in disparagement of plaintiff’s property or the title thereof; and (6) that special damages were the proximate result of such publication. Merchants Nat’l Bank of Mobile v. Steiner, 404 So.2d 14 (Ala.1981). In the Steiner case, [at 21], the Supreme Court of Alabama made the following statement, citing earlier appellate decisions:
“ ‘If a bona fide suit is filed on a colorable claim to property, no malice can be inferred from failure of the action.’
“[The Court] further stated:
“ ‘Even though [the statement was] false, if the defendant had probable cause for believing the statement, there can in law be no malice....’
“The Court further stated that, insofar as the filing of the lis pendens notice, the mandatory nature of the statute requiring the filing of that notice requires that any wrong committed would have to be in filing the suit, and not in filing the lis pendens notice. It is the opinion of this court, upon assessing all of the evidence in this case, that the evidence overwhelmingly supports the conclusion that the plaintiff filed its lis pendens notice and its suit to perfect the lien as a bona fide action on a colorable claim to the defendant’s property. Despite the un-contradicted evidence that the plaintiff’s officers, agents and employees did not choose to look at the defendant’s documentation of his charges from the contractor and his payment to the contractor, when invited by the defendant, the court finds that, based upon the evidence submitted, such an inspection of those records would still have constituted a bona fide belief on the part of the plaintiff that it had a colorable claim to the defendant’s property on the theory that the defendant possibly owed money to the contractor. This court concludes that there was no substantial evidence of malice on the part of the plaintiff, that it should have granted the plaintiff’s motion for directed verdict at the close of the evidence on the counterclaim, and that the motion for judgment notwithstanding the verdict is due to be ... granted. Under the Rule 50 motion for judgment notwithstanding the verdict, therefore, judgment is entered in favor of the plaintiff, J. P. Day & Company, Inc., on the counterclaim of James Sis-son, notwithstanding the verdict of the jury, and the court’s previous judgment entered pursuant to the verdict of the jury is set aside and vacated.”
The trial judge said in his order entering the j.n.o.v. that the facts did not support a claim of slander of title — that there was insufficient evidence, as a matter of law, because the evidence showed that Day filed its lien and its action to perfect the lien as “a bona fide action on a color-able claim to [Sisson’s] property.” We agree with the reasoning of the trial judge and adopt it as the reasoning of this Court.
The evidence shows that Day sold windows for $7,741.45 and that these windows were delivered to, and were installed in, Sisson’s house. These windows were not paid for. Day notified Sisson by certified mail of its intent to file a lien. Then, pursuant to the requirements of § 35-11-213 and § 35-11-218, Code of Ala.1975, Day filed a verified statement of lien and a complaint to enforce that lien.
To constitute slander of title, a statement must be made both falsely and maliciously. Sisson claims that the filing of the mandatory lis pendens notice and the filing of the action are evidence of malice. We disagree. We agree with the trial court that the evidence required the conclusion that Day filed its lien and its action to perfect the lien as “a bona fide action on a color-able claim to [Sisson’s] property.”
Day’s judgment notwithstanding the verdict is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.