Sandra Lynne Teague appeals from a judgment based on a directed verdict entered in favor of James Adams, doing business as Dixieland Motors. Because Mrs. Teague submitted substantial evidence to support her cause of action, we reverse and remand.
While Mrs. Teague was test-driving a used vehicle owned by Dixieland Motors ("Dixieland"), the vehicle began to shake and pull to one side, eventually leaving the road and crashing into a tree at the bottom of an embankment. Mrs. Teague and her son, Seavie Teague, were injured in the one-car accident. The Teagues sued, alleging that Adams, the owner of Dixieland Motors, had negligently or wantonly allowed Mrs. Teague to drive an unsafe vehicle. The trial court directed a verdict against the Teagues at the close of their case. The Teagues appeal.
A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable persons could differ.[1] Rule 50(a), Ala.R.Civ.P.; John R. Cowley Bros., Inc.v. Brown, 569 So.2d 375, 376 (Ala. 1990); Koch v. State FarmFire Cas. Co., 565 So.2d 226, 228 (Ala. 1990); Dobbs v.Alabama Power Co., 549 So.2d 35, 36 (Ala. 1989). Therefore, we must determine whether the Teagues, in order to withstand Dixieland's motion for a directed verdict, presented substantial evidence from which the jury could find each element of their cause of action, or whether there were no disputed issues of fact upon which reasonable persons could differ.
Whether the trial court erred in entering the directed verdict "is tested by a purely objective determination of whether the party having the burden of proof has produced [sufficient] evidence [to create a factual dispute] requiring resolution by the jury." Ex parte Oliver, 532 So.2d 627, 628
(Ala. 1988). Because a trial court's ruling on a directed verdict motion is based on an objective standard, and, thus, is not discretionary, review of a directed verdict on appeal is denovo. Otis Elevator of Gadsden, Inc. v. Scott, 586 So.2d 200,203 (Ala. 1991), citing King Mines Resort, Inc. v. MalachiMining Minerals, Inc., 518 So.2d 714 (Ala. 1987). Additionally, in considering the record on appeal from a judgment based on a directed verdict, this Court must view all the evidence in a light most favorable to the nonmovant, and must entertain such reasonable evidentiary inferences as the jury would have been free to draw. Wadsworth v. Yancey *Page 838 Bros. Co., 423 So.2d 1343, 1345 (Ala. 1982).
The substance of the plaintiffs' case was that a mechanical defect in the engine, worn shock absorbers, a badly worn tire, and possibly other problems related to the car, caused it to go off the road. Mrs. Teague testified that, although she was driving no faster than 45 miles per hour, the car began "shaking real, real bad" and pulling to one side, that she thought she had no control over the car, and that the car pulled her off the road. When Mrs. Teague tried to steer the car back onto the road, the car crossed the roadway and went down an embankment, striking a tree.
The credibility of Mrs. Teague's testimony was a matter for the jury to determine. "The credibility of a witness, and the weight which such witness's testimony is to be accorded, are to be determined by the jury, as are any inconsistencies or contradictions in his testimony." Mahan v. State,508 So.2d 1180, 1183 (Ala.Crim.App. 1986); Star Freight, Inc. v.Sheffield, 587 So.2d 946, 951 (Ala. 1991). Mrs. Teague testified that the car began shaking and pulling to one side, and that the shaking and pulling caused the car to leave the roadway. Mrs. Teague's testimony constitutes "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment" could reasonably infer from it that a mechanical problem with the car contributed to or caused the accident. See West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Mrs. Teague's testimony created a question of fact as to whether the accident was caused by a mechanical problem. Because the Teagues produced substantial evidence creating a factual dispute that should have been put before the jury, the trial court erred in directing a verdict for the defendants. Therefore, we reverse the judgment and remand the cause to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, HOUSTON, INGRAM and COOK, JJ., concur.
MADDOX, J., dissents.
[1] Because this action was filed after June 11, 1987, the "substantial evidence" rule applies. See § 12-21-12(a), Ala. Code 1975; Koch v. State Farm Fire Cas. Co.,565 So.2d 226, 228 (Ala. 1990). "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).