HOLMES, Retired Appellate Judge.
In July 1996 Wayne and Kathy Hartung filed a multi-count complaint against MBA Development, Inc., Angela Blum, Millard Austin, and Forwood Brothers Builders, Inc. The Hartungs alleged that the defendants had breached the restrictive covenants of The Dominion (subdivision), a single-family residential subdivision, and that the breach reduced the value of their property in the subdivision. The Hartungs sought damages for breach of covenant, trespass on the ease, and nuisance.
Our review of the record reveals the following pertinent facts: MBA Development, Inc. (MBA), an entity, is the owner and developer of the subdivision. Millard Austin is the president of MBA, and Angela Blum is the vice-president of MBA. Austin and Blum served on the architectural control committee for the subdivision.
In February 1994 MBA recorded restrictive covenants for the subdivision. In July 1994 the Hartungs purchased from MBA a vacant lakeside lot in the subdivision, Lot 44, for $44,900.
In February 1996 Forwood Brothers Builders, Inc. (Forwood), acquired Lots 16 and 17, which are located across the street from the Hartungs’ lot. Thereafter, For-wood began constructing single-family houses on Lots 16 and 17.
In their complaint the Hartungs contended the following, in pertinent part:
“6. The houses being constructed by [Forwood] violate the restrictive covenants in that they are not in harmony with the rest of the houses in [the subdivision]. The houses violate the restrictive covenants in other ways.
“7. [MBA] has allowed [Forwood] to build the houses that violate the restrictive covenants. [MBA], by and through its agents, [Austin] and/or [Blum], knew that [Forwood] planned to build non-conforming houses. [MBA] knew that construction of [Forwood’s] houses would affect the value of [the Hartungs’] property.”
The defendants filed answers, denying the allegations. Thereafter, MBA, Austin, and Blum filed a summary judgment motion, along with a brief, depositions, and affidavits in support of the motion. Forwood also filed a summary judgment motion, along with a brief, depositions, and an affidavit in support of its motion. The Hartungs filed a response in opposition to the summary judgment motions, along with supporting documentation.
After a hearing the trial court determined that there existed no genuine issue of a material fact and that MBA, Austin, and Blum were entitled to a judgment as a matter of law. The trial court entered a summary judgment in favor of MBA, Austin, and Blum.
The trial court determined that there existed a genuine issue of a material fact regarding whether Forwood submitted plans to the architectural control committee for review prior to beginning construction, as required by the restrictive covenants. Consequently, the trial court denied Forwood’s summary judgment motion.
The matter proceeded to trial on the Har-tungs’ claims against Forwood. At the conclusion of the Hartungs’ presentation of evidence, Forwood made a motion for a directed verdict, which the trial court granted.,
The Hartungs appeal. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The Hartungs contend that the trial court committed reversible error when it entered a summary judgment in favor of MBA, Austin, and Blum on all of the Hartungs’ claims. The Hartungs also contend that the trial court committed reversible error when it granted Forwood’s motion for a directed verdict on all of the Hartungs’ claims.
First, we will address the issue of the summary judgment entered in favor of MBA, Austin, and Blum. We would note that Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations *1214 where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law.
In the present ease, the trial court’s order stated the following, in pertinent part:
“Nonetheless, [MBA, Austin, and Blum] are entitled to [a] summary judgment in their favor and the basis for such conclusion is the no liability clause included as paragraph #22 of the Restrictive Covenants:
■ “ ’22. LIABILITY: Neither the Developer, the Committee, or the Association, its employees, agents, or assigns, shall be liable to any Lot owner(s) in [the subdivision] for (i) the manner in which it exercises or for its failure or refusal to exercise any right or authority herein granted to it, whether discretionary or not; (ii) ... the failure or refusal of any Lot owner to comply with any of the provisions hereof; or (iii) the failure or refusal of the Developer, the Committee, or the Association to enforce any of the provisions hereof against any Lot owner, his Builder, agent, or assigns.’
“In this matter, paragraph # 22 is not so much a future release as it is a preemptive limitation on the effect of the restrictive covenants. This particular clause effectively limits the restrictive covenants in such a way that the [Hartungs] are prevented from grounding a damage suit against [MBA, Austin, or Blum] for any of the failures or refusals described in the clause. In other words, while the restrictive covenants may create some rights, paragraph # 22 limits the restrictive covenants from creating any damage suit rights for those particular failures or refusals. In their brief in response to [MBA, Austin, and Blum’s] motion for [a] summary judgment, [the Hartungs] cited cases wherein the court invalidated prospective releases. These cases are not applicable to the case at hand since paragraph #22 does not purport to release future causes of action, but rather operates to preclude the very accrual of causes of action. Based on' a review of the entirety of the evidence and pleadings presented to this court, the court concludes that all of [the Hartungs’]-causes of action depend entirely on violations of the restrictive covenants and such claims are precluded by the no liability clause in paragraph # 22.”
On appeal, the Hartungs concede that the trial court properly entered a summary judgment on their breach of restrictive covenant claim. However, the Hartungs maintain that the immunity clause does not shield MBA, Austin, and Blum from liability on the trespass to case and nuisance claims because, they say, those -claims were based upon intentional torts committed by MBA, Austin, and Blum.
We would note that in the trespass on the case claim of their complaint, the Hartungs contended the following, in pertinent part:
“10. As a result of the restrictive covenants, all Defendants owed [the Hartungs] a duty to avoid conduct that failed to protect and enhance their investment in [the subdivision].
“11. As a result of the restrictive covenants, all Defendants owed [the Hartungs] a duty to not build houses in [the subdivision] that were not in harmony with the other houses in [the subdivision]. Defendants also owed [the Hartungs] a duty to not build houses that would not conform to the common scheme of development set forth in the restrictive covenants.
[[Image here]]
“14. By allowing [Forwood] to proceed with its houses, [MBA, Austin, and Blum] have breached their duty to [the Hartungs] by not enforcing upon [Forwood] the same standards of construction that have been enforced on other builders in [the subdivision] and to which [the Hartungs] assented before they bought their lot.
“15. All Defendants knew, before [For-wood] purchased its lots, that [Forwood] intended to build houses on its lots that were not in harmony with the rest of [the subdivision], and that would lower the value of the surrounding properties.”
We would also note that in the nuisance claim of their complaint, the Hartungs contended the following, in pertinent part: -
“22. An ordinarily reasonable man would not intentionally build houses next *1215 to his neighbors that directly and adversely affect the value of his neighbors’ property.
“23. An ordinarily reasonable man would not deliberately violate restrictive covenants that were in place when he purchased his property, and to which his neighbors had assented and agreed to conform to.
“24. An ordinarily reasonable man would not sell property to people under restrictive covenants, then allow one buyer to build houses that violate the covenants and devalue the surrounding property.
“25. As a result of Defendants’ conduct, [the Hartungs] have suffered damage in that the value of their property has been reduced, and their investment in said property has therefore not been protected or enhanced.”
In light of the foregoing, the trial court correctly determined “that all of [the Har-tungs’] causes of action depend entirely on violations of the restrictive covenants.” (Emphasis added.) Stated another way, all of the Hartungs’ claims against MBA, Austin, and Blum are grounded in violations of the restrictive covenants. The trial court correctly determined that “such claims are precluded by the no liability clause in paragraph # 22.” Thus, we find no error on the part of the trial court when it entered a summary judgment in favor of MBA, Austin, and Blum.
Second, we will address the issue of the directed verdict entered in favor of For-wood. Our supreme court stated the following in Teague v. Adams, 638 So.2d 836, 837 (Ala.1994): “A directed verdict is proper (1) where the nonmoving party has failed to present substantial evidence regarding some element essential to her claim, or (2) where there is no disputed issue of fact upon which reasonable people could differ.”
At trial, Wayne Hartung testified that he purchased the lot for $44,900. Hartung also testified that, in his opinion, his lot was worth $53,000 before the construction of the houses on Lots 16 and 17 and that after the completion of the houses on Lots 16 and 17, his lot was worth $38,000. However, there is no credible evidence that this diminution in the value of the Hartungs’ property was the proximate result of the construction of the Forwood houses on Lots 16 and 17. We would note that at the time of trial, the Hartungs had not constructed a house on their lot.
The Hartungs presented evidence that Forwood failed to submit the plans to the architectural control committee prior to the beginning of construction of the houses on Lots 16 and 17, as required by the restrictive covenants. However, the Hartungs also presented evidence that even if Forwood had presented the plans to the architectural control committee, the committee would not have required any changes in the plans. We would note that the trial court specifically relied upon this evidence as the basis for granting Forwood’s motion for a directed verdict.
At trial, the Hartungs did not dispute that the houses located on Lots 16 and 17 met the minimum square footage requirement of 2,400 square feet of living space. The evidence at trial indicated that the houses on Lots 16 and 17 contained between 2,800 and 3,000 square feet of living space.
Additionally, the Hartungs failed to present any evidence that the houses constructed by Forwood violated any of the specific requirements with regard to structures, as set forth in the restrictive covenants.
We would note that there was testimony from other subdivision lot owners that the two Forwood houses are smaller in appearance than the rest of the homes in the neighborhood and are not in harmony with the rest of the homes. The Hartungs contend that they “only need show that the houses built were not in harmony with the rest of the houses in [the subdivision] and that the same caused damages to [them].”
However, we would also note that there was testimony that the house located on Lot 18 is built much in the same style as the houses on Lots 16 and 17 and that Forwood did not construct the house on Lot 18. There was also testimony that nine houses have been constructed, or were in the process of being constructed, in the subdivision *1216 since the completion of the houses on Lots 16 and 17. Hence, in light of the foregoing, the Hartungs failed to present substantial evidence that the construction of the two For-wood houses on Lots 16 and 17 caused a diminution in value of the Hartungs’ lot.
The trial court’s judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of Ala.Code 1976, § 12-18-10(e).
AFFIRMED.
All the judges concur.